[452] RESON FRANKLIN vs. JOHN MOONEY — Appeal from Nacogdoches County.

Parol testimony may be received to explain an ambiguity in a written contract under seal, and to show what the parties really meant, but it is wholly inadmissible when offered to vary or change the contract.

The relation existing between a step-father and step-son, a minor, is such that services rendered the step-son are a sufficient consideration to support a contract entered into by the step-father to pay for those services.

This suit was brought by the appellee against the appellant upon a written contract in the following words: "The republic of Texas, county of Nacogdoches. Know all men by these presents, that I, Reson Franklin, am held and firmly bound, and do hereby bind my heirs and assigns firmly unto John Mooney, his heirs and assigns, in the penal sum of five hundred dollars, good and lawful money, in witness whereof I do hereunto set my hand and affix my seal, this the 29th day of June, in the year of our Lord one thousand eight hundred and forty-two. The condition of the above obligation is such that if the said Mooney takes the place of Silas F. Starley (step-son of said Franklin) in the militia company formed on

yesterday, and discharges the duty which is required of said Starley until lawfully discharged from the same, that the said Franklin shall make to the said Mooney for said services a good and lawful title to two hundred acres of land off of the survey the said Franklin now resides on, so as to include the improvement and appurtenances of the place known as the Isaac Durst place. Or if the said title cannot be lawfully made by any [453] defect in said Franklin's claim, then the said Franklin is to give to the said Mooney good property at the then current cash valuation, one hundred and fifty dollars, all of which is to be liquidated on the lawful discharge of said Mooney from (the present enlistment or) said volunteer company.

"In presence of      (Signed)  RESON FRANKLIN. [SEAL.] "Jos. S. HOGG."

The defendant pleaded that it was specially agreed that he was not to pay unless the plaintiff went to Mexico, or served a tour of duty and obtained a discharge therefor, which plaintiff did not do. He also averred that the company mentioned was never called out; that the plaintiff performed no duty, and did not comply with his part of the contract.

The plaintiff proved by his certificate of discharge, that as the substitute of Silas F. Starley he had performed all the duties required of him in the company. It was also proved that Gen. Smith was ordered to have a certain number of men ready from his brigade, and to drill and muster them, which he did, and they were inspected into the service by the inspector general, but were never called into *actual* service.

The defendant offered to prove that "the plaintiff had said that, according to the contract between himself and defendant, the plaintiff was to have gone to Mexico, and to have performed a tour of duty;" and also that such was the contract between the parties; all of which proof was rejected by the court, and the defendant excepted. There was a verdict for the plaintiff for one hundred and fifty dollars and costs. Upon this verdict judgment was entered for one hundred and fifty dollars principal and interest at eight per cent., and costs.

*J. Pickney Henderson*, for appellant, contended:

1st. That the bond sued on admits of two constructions, and testimony should have been allowed to explain its meaning [454] according to the understanding of the parties. Washb. Dig. p. 366, secs. 190 and 191.

2d. There is no proof that the defendant was unable to make titles to the land, or that the plaintiff had demanded the property which was to be given in lieu of it. Washb. Dig. p. 234, sec. 11.

3d. The judgment is not warranted by the verdict; the verdict being for one hundred and fifty dollars and costs, and the judgment being for one hundred and fifty dollars, *interest* and costs. 9 Miss. 168; Dall. Dig. 491.

And 4th. The bond is a *nudum pactum.* The plaintiff not having bound himself to comply with his part of the contract, he could not demand a compliance on the part of the defendant. Comyn on Cont. p. 2.

*I. R. Lewis,* for the appellee.

(No brief filed.)

Mr. Justice LIPSCOMB delivered the opinion of the court, Mr. Justice WHEELER not sitting, having been of counsel in the court below.

This suit was brought on a written contract under seal. In the court below the defendant, who is the appellant, offered parol evidence to vary and change the contract, but his evidence was rejected, and in doing so we believe the court below did not err. The doctrine is well settled, that such testimony may be received to explain an ambiguity and show what the parties really meant by the language used; but when there is no ambiguity such testimony is wholly inadmissible. To permit such testimony would be to allow the contract to be reformed by trusting to the frail memory of witnesses, in contradiction to the written evidence made at the time.

There is another ground on which the appellant relies to reverse the judgment. It is that there was no sufficient consideration to support the obligation, and that this is apparent [455] from the face of the contract. The contract shows that the undertaking was in consideration that the plaintiff would

become a substitute for the defendant's step-son, who had been drafted for a tour of military service under a call from the executive. The court below charged the jury, that from the relation in which a step-son stands to his step-father, the relieving the step-son from a service he had been called to perform was a good and valid consideration. We are bound, the record not showing anything to the contrary, to presume that the step-son was a minor, and under the guardianship of his step-father; and if so, the consideration was clearly a good and valid one.

The jury found a verdict for the plaintiff for one hundred and fifty dollars and cost. The judgment was for the one hundred and fifty dollars and interest, and all costs. So much of the judgment as relates to the interest is not in conformity with the verdict. It must be remitted, or the judgment will be reformed in this court, and rendered for the one hundred and fifty dollars and costs, in conformity with the verdict of the jury.

---

[456] BENNET H. MARTIN vs. WILLIAM HARRISON—Writ of Error from Red River County.

The representatives of a deceased joint mortgagor should not be joined with the survivor in a suit brought to foreclose the mortgage in the district court. [23 Tex. 486.]

The mortgagee should pursue his remedy against the representatives of the deceased mortgagor in the probate court; while the remedy against the surviving mortgagor would be by a suit to foreclose the mortgage, so far as his interest was concerned, in the district court.

The decree of foreclosure in a suit brought against one joint mortgagor, the other being dead, should only direct a sale of the interest of the party sued in the mortgaged property.

Case stated in the opinion of the court.

*Martin* and *Epperson*, for plaintiff in error.

*Burroughs* and *Morrill*, for defendant in error.

Mr. Justice LIPSCOMB delivered the opinion of the court.

The defendant in error, Harrison, filed his petition stating