LipscoMB, J.
From the statement of tiie facts it is clear that the deed of sale was a fair and valid consideration, or it was made with a view to protect, under its cover, the negroes from tiie creditors of the defendant; and in these two aspects it will be considered.
IIow far parol testimony could be received, where the contract is in writing, to vary and control the contract was pretty fully discussed in the opinion of this court in its comments on Lord Bacon’s rule as to latent and patent ambiguities in the ease of Roberts v. Short, 1 Tex. R., 373; and the conclusion at which wo arrived on principle and the decisions of the most learned jurists was that parol evidence could be received to explain the language or terms used in a written contract so as to understand what the parties really meant, but never to permit it to be received for the purpose of varying or substituting another one to control and overrule the written contract. With this conclusion we are fully satisfied. The evidence received in the court below was an infringement on the rule there laid, and the court erred in receiving it. Whilst on this subject it may be proper to notice the decision of this court in a ease between the same parties, or the same subject-matter, on the recovery of the same slaves. In that case the single point presented for our decision was whether the court did not err in ruling tiie parties to trial, on the ground that lie could prove the same fact by a witness then in attendance, and after-wards on tiie trial ruling that tiie same fact required the evidence of two wit *69 nesses. Whether the evidence was admissible or not was not questioned by the parties. The decision in that case was, therefore, not at all contrary to-the opinion now expressed. (See Young v. Gibson, 2 Tex. R., 417.)
Note 29. — Same case, 2 T., 417; 14 T., 61S.
Note 30. — Callison v. Gray, 25 T., 84.
Note 31. — McClenny v. Floyd, 10 T., 169; Wilson v. Trawiek, 10 T., 428; Robinson v. Martel,. 11T., 149; Hoeser v. Kraeka, ‘29 T., 450.
. On tiie other aspect of the case, if the deed was fraudulent and erroneous, the defendant was an active not a passive participant in tiie fraud, and it was not for him to impeach his own deed, however fraudulent and void it would have made it in a controversy between the pdaintiff and the creditors of the defendant. This doctrine was tvell considered and settled by this court in the case of Nancy Danzey et al. v. Smith and Wife, from Liberty1' county, decided at Austin, December Term, 1840. (4 Tex. R., 411.) The court erred, then, in charging tiie jury that if tiie deed was fraudulent it was void, in this case, between these parties. It would have been a sound and correct charge on the law had a creditor and not tiie maker of the deed of sale set up the defense or impeached it on that ground. The judgment is reversed and the cause remanded.
Judgment reversed.