Hemphill, Ch. J.
The appellants assign various grounds of error, upon some of which we will comment briefly, but not in the order of their arrangement. The main question in the cause, and which controls it, is, whether tiie master had any authority to make the sale; for if he had not, the appellants acquired no title. Unquestionably the captain of a ship lias, by law, no authority to sell the cargo unless in case's of absolute necessity. In case of shipwreck without the power of transhipment; capture, or other casualty interrupting the voyage; or where it becomes necessary to sell part of the cargo, to enable the vessel to prosecute the voyage ; and in like eases, the master becomes, of necessity, the authorized agent of the owners, freighters and all concerned. And lie has power to sell the goods which are damaged or of a perishable nature; or if any other necessity exist for the sale; but not otherwise. (9 Mass. IÍ., 548; Abbott on Shipping, p. 1 GO, note; Id., 365; Freeman v. TheEast India Company, 5 Bam. & Aid., G17.) But the mere possession of the goods without any authority, express or implied, gives the master no power, and his sale passes iio title. It is an established principle at common law that a possessor of personal chattels-cannot transfer to another a greater right than ho lias himself. If he have neither property nor authority his sale will be invalid. (1 Wils. It., 8; 2 Campb. It., 335; notes to Bickbarrow v. Mason, Smith’s Loading Cases.) There are some exceptions to this rule; as, for instance, under a sale in market overt, in England; under registry acts, if title be not recorded in conformity with their provisions. (Arts. 2774, 2775, &c.) But none of these, or other exceptions recognized by law, are applicable in this ease. There was no such necessity as conferred upon the master any authority. He had none from his possession. All pretense, if any could exist, that he had such, was repelled by the manifest on record at the custom-house, and of which the defendants had full notice ; and consequently no title was vested in them by their purchase.
There was no error in the admission of Sealy’s evidence. His response, as to interest in the suit, was not so direct as it should have, been; but fairly construed it establishes a negative. The error, if any, was immaterial, as the facts necessary to recovery were established by other unobjectionable evidence.
ISTor was there any error in refusing evidence as to the alleged custom of' captains of coasting vessels, laden with lumber, making sale, in the Brazos harbor and aloug the southern coast of Texas, of the cargo, to purchasers, without other authority for that purpose than the fact of their being captains or masters. This custom, if any such exist, is in contravention of established law. At all events it is inapplicable in cases such as this, where the manifest repels the existence of possible authority in the captain.
JSTor was there any error in rejecting the record of the suit brought by the plaintiff against tire master.
Tlio mere fact of suing the master was no ratification of his act.
Had the suit proceeded to judgment, and full damages been recovered, and had they boon satisfied, this action would have been barred, as the law would not permit the plaintiff to recover a double satisfaction. (Morris v. Bobinson, 3 Barn. & Ores., 196.) But in this case (here was no judgment; consequently there was no ground for the admission of the record
We are of opinion that there is no error in the judgment; and it is ordered that the same be aflirmed.
Judgment aflirmed.