## J. G. CALLISON v. W. B. GRAY.

Where A. sold a tract of land to B., and stipulated by his bond to prosecute to *effect* a suit then pending in the District Court, between himself and C. for the land, to perfect and thereafter make B. a *bona fide* title ; and the latter was bound to pay the former the purchase money on the first Christmas after the decision of the suit, with interest from the date of the judgment; it was *held* that the recovery of a judgment by A. against C. in the District Court, from which the latter appealed, did not perfect A.'s title, and was not a prosecution of the suit to effect. An action would not lie against B. during the pendency of the appeal.

If the intent of the parties is clear, from the instrument, to secure to B. a good title, *by the prosecution of the suit to effect*, A. is required to obtain such decree before a right exists to demand the money, although it might be obtained sooner or later, or in a different tribunal than that which they supposed and spoke of at the time of the contract.

See the opinion in this case for the application of the principle that parol evidence will be received to explain the language or terms used in a written contract, so that the meaning of the parties may be understood, but never for the purpose of varying or substituting another to overrule and control the written one.

ERROR from Tyler. Tried below before the Hon. James M. Maxcy.

This was a suit brought by John C. Callison on the 2d day of January, 1858, against William B. Gray for the recovery of $400, with interest thereon at the rate of ten per cent. per annum from the 25th day of December, 1857. The plaintiff relied on the terms of a bond executed by himself to the defendant in the sum of $800, as the foundation of his action, which was set forth as a part of his petition. The conditions of the bond were, that, whereas, Callison had sold to Gray 200 acres of the league of land granted to J. B. Cazinave, for which the former and Jacob Albright had instituted suit in the District Court of Tyler County, against Thomas F. Thompson, if the plaintiffs therein should prosecute their suit to effect, and perfect their title to said league of land, and the said Callison should make to Gray a good and *bona fide* title to said 200 acres of land, upon the payment of $400 by Gray, as the purchase money. It was further stipulated that

said amount " becomes due the first Christmas after said suit is decided, and the same to draw interest from date of the judgment or decree in the case above and before described, at ten per cent. interest." The bond was dated the 27th day of November, 1855.

The plaintiff alleged that a judgment was rendered in favor of himself and Albright against Thompson for said land, in the District Court, on the 23d day of April, 1857, and, generally, that he had performed the conditions of the bond by the prosecution of the suit to effect; that he had perfected his title; that he was ready and able to make to the defendant a good and perfect title, which he tendered in court.

The defendant pleaded that the suit against Thompson was then pending in the Supreme Court, the same having been removed to said court by writ of error.

On the trial, the plaintiff offered to prove by a witness that he wrote the bond, and that it was the understanding and real intention of the plaintiff and defendant, at the time of said sale and contract, that the money was to become due at the first Christmas after the judgment of the District Court of Tyler county, in the case aforesaid against Thompson; and that nothing was said in relation to any judgment to be rendered by the Supreme Court. The evidence was excluded on the objection of the defendant.

The court ruled that, according to the legal effect of the bond, the purchase money was not due until the suit between Callison and Albright and Thompson was determined in the Supreme Court. The plaintiff entered a non-suit, and afterwards moved to set it aside, for the alleged errors in the foregoing rulings, which motion was overruled, and judgment rendered against the plaintiff for the costs of suit.

*Samuel H. Wilson*, for the plaintiff in error.

*Hicks & Neyland*, for the defendant in error.

ROBERTS, J.—The bond obligates Callison, under a penalty of eight hundred dollars, to prosecute the suit to effect of Callison & Albright v. Thompson, then pending in the District Court of

Tyler county for a league of land, including the two hundred acres bargained by him to Gray, and to perfect their title to said league, and thereafter to make to said Gray a *bona fide* title to said two hundred acres upon the payment to him by Gray of four hundred dollars, the purchase money. It was stipulated that the said four hundred dollars should become due the first Christmas after said suit is decided, and to bear interest from the date of the judgment or decree in the case.

The object of the bond was to secure to Gray a *bona fide* title. Gray was evidently not willing to take a title during the pendency of the suit, and therefore Callison bound himself to prosecute it to effect, and perfect the title of Callison & Albright, who were the plaintiffs in that suit. After this should be accomplished, Gray was given still further time—to wit, until the next ensuing Christmas—within which to pay the purchase money. But as he would then be secure in a *bona fide* title to the land purchased, it was provided that he should pay interest on the purchase money from the date of the judgment or decree thus perfecting the title in Callison & Albright.

The question then is, did the judgment of the District Court, which was suspended by appeal to the Supreme Court, perfect the title in Callison & Albright, and was the said suit then prosecuted to effect? We think not. The object of the parties had not yet been attained. Callison was no better prepared to make a *bona fide* title than he was when he gave the bond. He had not prosecuted his suit to effect and perfected the title.

This is the construction placed upon the bond by the court below. We think it obviously correct.

Callison, in executing this bond, in substance agreed to prosecute this suit to a successful termination, and obtain a decree perfecting the title ; and it was agreed that Gray should pay the purchase money the next Christmas after such decree. It was proposed to prove, by verbal testimony of a witness, that it was agreed that Gray was to pay the said money the Christmas next after Callison & Albright should obtain a favorable judgment in the District Court, whether that should be the end of the suit or not. Such evidence would have been at variance with the plain

import, and in contradiction of the main object of the bond. In the case of Epperson v. Young, it was said that "parol evidence could be received to explain the language or terms used in a written contract, so as to understand what the parties really meant, but never for the purpose of varying or substituting another one to overrule and control the written contract." (8 Tex. R., 136; Roberts v. Short, 1 Tex. R., 373.)

There is no allegation of mistake in drawing the instrument. Considering the terms in connection with the object of the instrument, it is not ambiguous. The object was to secure Gray a good title. The means stipulated for to accomplish this, was to prosecute this suit to effect and perfect the title. The date of the judgment or decree, by which this end should be accomplished, was fixed upon as the time from which interest on the purchase money should commence to accrue, and the first Christmas after such time the purchase money should be payable. If such a decree should be obtained sooner or later than the parties expected, or in a different tribunal (into which this same suit might be carried,) than that which they then supposed and spoke of, that nevertheless was the decree stipulated for. That was the main controlling intent of the parties. Therefore, we do not think the court erred in excluding the testimony offered.

Judgment affirmed.