CHARLES BENDER v. CATHERINE W. PRYOR ET AL.

Parol evidence is admissible to explain a writing which needs explanation, and when the evidence is consistent with the writing it is unobjectionable.

The failure of a mortgagee to contest the administrator's sale of mortgaged property is a sufficient consideration for a note.

APPEAL from Comal. The case was tried before Hon. THOMAS H. STRIBLING, one of the district judges.

The facts are substantially set forth in the opinion of the court, although the record was voluminous. The real point was as to the failure of consideration.

The exact facts were, that a sale was ordered to pay the mortgage of Merriweather upon a tract of land, and the land was sold for specie, and Bender became the purchaser for less than Merriweather's debt. Merriweather's administrator threatening to oppose the confirmation of the sale, Bender agreed to give the note in controversy to make up the deficit. Afterwards the county court ordered the administrator to sell the gold for United States currency, and with that currency Merriweather's debt and all others due by Preston's estate were paid off. The defendant now claimed that as Merriweather had been paid he should be released from his debt.

*John P. White*, for appellant.

*John Ireland*, for appellee.

LATIMER, J.—This record discloses that one Preston purchased land from one Merriweather, and executed a deed of trust on the farm purchased to secure the purchase-money, or a part of it; that Preston and Merriweather both died, and one Koester became the administrator of Preston's estate; that Koester obtained an order from the county court of Comal county to sell the farm, and that Bender, the appellant, became the purchaser at the sale for a sum less by $420 than the amount due to Merriweather's estate. It was shown, we think, by competent testimony, that the holders of Merriweather's claim purposed to oppose a confirmation of the sale to Bender by the county court, and that Bender executed the note upon which this suit is founded as an inducement to the parties interested not to interpose any objection to the confirmation of the sale.

It is also shown that when Bender purchased his bid was

a specie bid, and that he paid in specie, and that the administrator of Preston's estate afterwards converted the specie paid by Bender into United States currency, and paid off in currency all the debts due by the estate, thus paying Merriweather's claim in full.

Bender pleaded in the court below failure of consideration of the note. Objection was also made to the admissibility of parol evidence to explain the whole transaction. A jury was waived by the parties, and the cause submitted to the judge.

We think there is no error in the judgment. There are words in the note itself, to wit, "being balance purchase-money on the Merriweather land," which, though not ambiguous, could not be understood without explanation. The defendant in the court below undertook, by an amended answer, to explain to the court what the note really meant, and to show that he only undertook to pay upon the happening of a certain contingency. The testimony of the witness Pfeuffer, which was objected to by the defendant Preston, as contradictory of the writing sued on, was, in fact, only explanatory of the circumstances under which the note was executed; and without this testimony there is nothing in the statement of facts to impeach in any degree the validity of the note sued on or the right of the payee or bearer to recover upon the same. The forbearance of the holder of the Merriweather claim, who is the payee of the note, to oppose the confirmation by the county court of the sale to Bender, was a sufficient consideration, in the absence of fraud or unfair dealing, for the execution of the note by Bender, and the subsequent payment by Preston's administrator of the whole amount of the Merriweather claim in currency in no way impaired the obligation of the contract of which the note was the evidence. The judgment of the court below is

AFFIRMED.