FIRST NATIONAL BANK OF DENISON v. G. G. RANDALL.

(No. 1078, Op. Book No. 2, p. 171.)

APPEAL from Grayson County.   Opinion by WALKER, A. S., J.

§ **971.** *Drawee of a check; cannot inquire into drawer's title to the fund drawn upon; liability of drawee.*   If the drawee in a check has funds in his hands subject to the check, he cannot inquire into the legality of the means by which the drawer obtained the funds, and the refusal of the drawee to pay the check would render him liable for damages, for measure of which interest might be allowed.   [Commercial Bank v. Jones, 18 Tex. 811.]

§ **972.** *National bank; proof of corporate existence of.* There was evidence that appellant was exercising banking functions, with officers, etc., calling itself by the name as charged.   The act of congress prescribing a mode of proving the organization of such banks is not in derogation of any state law.   On principle, the bank ought to be held to the law organizing it, as evidence of its existence.

§ **973.** *City records; irregularity of, will not absolve from liability on contracts.*   A city, by an irregular mode of keeping its records, cannot be absolved from the consequences of its acts, the obligation of its contracts, or from being responsible for the legal acts of its officers.

§ **974.** *Parol evidence to explain written; rule as to.* The doctrine is well settled that parol evidence may be received to explain an ambiguity, and show what the parties really meant by the language used; but when there is no ambiguity, such testimony is wholly inadmissible.   [Franklin v. Mooney, 2 Tex. 452.]   Ambiguous expressions as to extrinsic or other objects may be explained by parol proof; but when the meaning of the ambiguous terms is thus supplied, the court must judge of the whole document in subordination to its legal sense as thus completed.   The contract cannot be varied; its

obscure expressions may be explained, but this not for the purpose of moulding, but of developing, the true sense. [Whart. Ev. §§ 946, 1015; 1 Greenl. Ev. 288.] And this rule applies as well to a record, when silent or ambiguous, as to other written instruments. [Whart. Ev. § 986.] Thus, in this case, the judgment was reversed because the court below rejected material evidence which was offered by the defendant to explain an ambiguity in the records of the commissioners' court having direct reference to the debt sued upon.

§ 975. *Consideration; funds deposited in bank.* The deposit of funds in a bank forms sufficient consideration to authorize the holder of a check drawn against such funds by the depositor to maintain a suit against such bank on its refusal to pay. [Daniel on Neg. Inst. § 1640.]

June 23, 1880.              Reversed and remanded.