## WILLIAM RUSSELL v. A. OPPENHEIMER & CO.

(No. 2267, R. Book No. 4, p. 238.)

APPEAL from Dallas County.    Opinion by WHITE, P. J.

§ **269.** 1. *A sale of personal property by a third party, without the knowledge or consent of the owner, is not binding upon him, and does not divest his title.*

§ **270.** 2. *Neither* BONA FIDES *of purchaser, market overt nor local custom can divest the true owner of his right of*

*possession or title to personal property sold without his
authority, knowledge or consent.*

§ **271.** 3. *The law of market overt does not obtain in
Texas.*

§ **272.** 4. *A rule of law can never be subverted by local
custom.*

In this case the evidence discloses that the appellant, a
farmer living some seventeen miles in the country, sent
to Dallas by one Ferris, a teamster hired by appellant by
the day, the two bales of cotton in controversy, with ex-
press instructions to deliver the same to one Keach, for
appellant.  That this was the only authority conferred on
Ferris.  That Keach was a commission merchant, and had
generally sold cotton and other produce for appellant.
That Ferris, without authority, and disobeying the in-
structions given, did not deliver the cotton to Keach, but
sold the same to these defendants on Elm street, in the
city of Dallas, that being the place in the city where
cotton was generally sold from wagons.  That the cotton
was low middling, worth ten and one-fourth cents a
pound, and that the two bales weighed respectively five
hundred and twenty-six and five hundred and thirty
pounds.  That defendants, on demand, refused to give
up the cotton to plaintiff.  That plaintiff has never been
paid by any one for the cotton.

Appellees introduced evidence to prove that they
bought the cotton from Ferris, on Elm street, in the city
of Dallas, the place where cotton is generally sold, sup-
posing that the cotton was the property of Ferris.  The
testimony of Cahn, Starke, Fuqua and Metzler (cot-
ton buyers) was to the effect that it was a local custom
or usage in Dallas for buyers of cotton to consider the
person in possession as the owner, and that he had the
right to sell, and the purchaser would get a good title.
Appellant excepted to this evidence.

Appellant testified that he had been farming in Dallas
county about one year; that he knew nothing about the

custom or usage spoken of. Judgment was rendered in the county court against appellant that he take nothing, and for costs in favor of appellees, and from this judgment the appeal here is taken.

In Stillman v. Hurd our supreme court say: "It is an established principle at common law, that a possessor of personal chattels cannot transfer to another a greater right than he has himself. If he have neither property nor authority, his sale will be invalid. [1 Wils. R. 8; 2 Campb. R. 335, notes to Lickbarrow v. Mason, Smith's Leading Cases.] There are some exceptions to this rule, as, for instance, under a sale in market overt in England, under registry acts, if title be not recorded in conformity with their provisions." [10 Tex. 109.] Again, in Case v. Jennings it was held that, where a person comes into possession of personal property, and sells it as his own to one who is ignorant of the want of title in his vendor, his ignorance of the true state of the title will not prevent the owner (except in cases provided for in the statute of frauds and the registry laws) from recovering the property. And it seems that this rule would apply where property comes to the possession of a person as agent for sale, who, in fraud of his principal, runs the property off with a view of selling it and appropriating the proceeds to his own use. [17 Tex. 662.]

So in Read v. Lucas it was held that "unlawful taking or purchase of personal property can never affect the right of the true owner, where he has done nothing to weaken or destroy his right." [42 Tex. 529.] In Dodd & Co. v. Arnold, Donley, J., uses this emphatic language: "The good faith of the defendant cannot invest him with title to the property if his vendor had no title. The owner of the property cannot be deprived of it except by his consent. The universal and fundamental principle of our law is that no man can be divested of his property without his own consent, and, consequently, even the honest purchaser under a defective title cannot hold against the

true proprietor " (citing Saltus v. Everett, 20 Wend. 275; 2 Kent's Comm. 324; Wheelright v. Depeyster, 1 Johns. 480; Dame v. Baldwin, 8 Mass. 521). [28 Tex. 97.]·

With regard to the evidence admitted over objection of defendant to prove the custom and usage amongst buyers in the city of Dallas, we are of opinion the evidence was inadmissible. Where the law of market overt obtains, it is true that the general rule is that "sales of vendible articles made in market overt are good not only between the parties, but are also binding on all those who have any property or right therein." [Bouv. Law Dic. title Market.]

But the law of market overt is not a rule of law in Texas, and has been so expressly decided by our supreme court. As to local customs, it has been held that a rule of law can never be subverted by local custom. To sanction the doctrine that it could, would be to unsettle the law, would open for discussion and neighborhood proof not the facts, but the law, and allow each neighborhood the right to claim a distinct. law of its own, thereby destroying the beauty of the law, which consists in the uniformity of its action throughout the land. [Lockhart v. Dewees, 1 Tex. 535; McKinney v. Fort, 10 Tex. 220.] For error in the admission of the evidence, the judgment is reversed and cause remanded.

November 5, 1882.          Reversed and remanded.