### W. F. SHAW v. W. A. PARVIN.

(No. 2572, Op. Book No. 4.)

ERROR from Collin County.   Opinion by WHITE, P. J.

§ 365. *Contemporaneous instruments.* Two or more instruments, executed contemporaneously between the same parties, in reference to the same subject matter, are deemed one instrument and one contract. [Dunlap v. Wright, 11 Tex. 597; Howard v. Davis, 6 Tex. 174; Alexander v. Baylor, 20 Tex. 560.] ·

§ 366. *Parol evidence in connection with written instruments.* In general, parol evidence is not admissible to vary a written contract [Dewees v. Lockhart, 1 Tex. 535; Franklin v. Mooney, 2 Tex. 452; Stamper v. Johnson, 3 Tex. 1; Self v. King, 28 Tex. 552]; but such evidence is admissible to explain an ambiguity [Franklin v. Mooney, 2 Tex. 452; Hamman v. Keigwin, 39 Tex. 34], or to explain a writing, when the explanation is necessary, and the evidence is consistent with the writing [Bender v. Pryor, 31 Tex. 341], and to ascertain the intention of the parties, when doubtful [Smith v. Doak, 3 Tex. 215], or to explain the language or terms used. [Roberts v. Short, 1 Tex. 373; Epperson v. Young, 8 Tex. 135.]

§ **367.** *Case tried by the judge without a jury.* Where a jury is waived and the case is tried by the court, and there is a conflict of evidence, the court below being in a better attitude to weigh, pass upon and determine the evidence than this court can possibly be, its judgment, based upon the evidence, will not be disturbed.

May 9, 1883.                  Affirmed.