B. OPPENHEIMER & CO. v. F. S. FRITTER.

(No. 2701, Op. Book No. 4.)

ERROR from Kinney County.    Opinion by WILLSON, J.

§ **372.** *Omission of the word "dollars" in body of promissory note, how supplied.* The note sued on read: "$413$\frac{15}{100}$ gold.    Brackett, May 5th, 1875.    On demand I promise to pay to the order of B. Oppenheimer & Co. four hundred and thirteen $\frac{15}{100}$, payable at their office at San Antonio, with interest at twelve per cent. from date, value received.    F. S. Fritter."    Indorsed: "Renewed this 24th February, 1879."    Defendant excepted to the petition, and pleaded the statute of limitations of four years.    Exception and plea in bar both sustained, and judgment rendered for defendant.

That the omission of the word "dollars" in the body of the note could be supplied by parol evidence is well settled. [Boyd v. Brotherson, 10 Wend. 93; Roberts v. Short, 1 Tex. 373; Epperson v. Young, 8 Tex. 135; Callison v. Gray, 25 Tex. 84.] But in this case the omission of the word "dollars" in the body is sufficiently supplied by the figures and dollar mark at the head of the note, when taken in connection with the written words in the body.

§ **373.** *Statute of limitations; indorsement on note.* It is provided by statute that "when an action shall appear to be barred by a law of limitation, no acknowledgment of the justice of the claim, made subsequent to the time it became due, shall be admitted in evidence to take the case out of the operation of the law, unless such ac-

knowledgment be in writing and signed by the party to be charged thereby. [Rev. Stats. art. 3219.] Four years is the period which will bar the right of action upon a promissory note. [Rev. Stats. art. 3205.] Was the indorsement "renewed," signed by defendant, such an acknowledgment of the justness of the claim as the law will hold sufficient to prevent the bar of the statute? No particular form of words is required for an acknowledgment of this character. But it must be, in some form of words, an unqualified admission of a subsisting indebtedness. If there be accompanying circumstances which repel the presumption of a promise or intention to pay, or if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but, at best, to probable inferences only, it would not amount to an acknowledgment sufficient to take the case out of the operation of the statute. [Smith v. Fly, 24 Tex. 345; Mitchell v. Clay, 8 Tex. 443; Webber v. Cochrane, 4 Tex. 31; McDonald v. Grey, 29 Tex. 80.] The word "renewed," in this instance, answered every purpose of a new note, and its legal effect is the same as if he had executed a new note for the indebtedness evidenced by the old one.

May 23, 1883.                    Reversed and remanded.