## MARTIN BOEHL v. ARTHUR WADGYMAR.

### (Case No. 539.)

1. EQUITABLE MORTGAGE.— Though an agreement in writing to execute a mortgage on specific property will be enforced in equity, parol testimony will not be admitted to aid, by adding to and varying an imperfect agreement in writing, so as to convert that into a mortgage, or an agreement to make a mortgage, which on its face expresses no such purpose.
2. RESULTING TRUST.— No resulting trust exists in favor of one who pays the purchase money for land by way of loan to another, when the conveyance is executed, not to the lender, but the borrower.
3. RESULTING TRUSTS.— Resulting trusts are not created by agreement; they arise alone from the acts of parties.
4. FACT CASE.— See statement of case for an agreement to execute a mortgage which could not be enforced.

APPEAL from De Witt. Tried below before the Hon. D. D. Claiborne.

Suit by Boehl against Wadgymar and wife, for the recovery of a debt and to enforce a lien upon certain lands for the payment of it.

The plaintiff in his petition averred that the defendant, Wadgymar, came to him on or about the 28th of December, 1873, and represented that he desired to purchase two certain tracts of land; and that if plaintiff would lend him money to make the purchase, he, defendant, would hold the lands in trust for the repayment of the money; that he would immediately execute to petitioner a mortgage upon the lands, upon his receiving a deed from the vendor; that upon this condition, that the land should be held in trust by the defendant for the payment of the money loaned him, that he would execute a mortgage upon the lands so soon as he obtained the title thereto, and would pay petitioner ten per cent. per annum interest upon the loan, plaintiff loaned the money to the defendant. That with this identical money the defendant purchased the two tracts of land described in plaintiff's petition, and after the purchase was made, defendant again promised to execute the mortgage, but subsequently refused to do so, and denying that any lien existed upon the land in favor of plaintiff, claimed that the lands constituted the homestead of himself and wife; that they were in the occupancy of defendant and his family; that defendant fraudulently repudiated the contract made with plaintiff; that he was without property except such as was exempt from forced sale, at the time of the loan of said money to him, and was still without property liable to execution; and that it was only upon the security of the land that plaintiff loaned the money to the defendant. The petitioner further averred, that upon the receipt of the money loaned him by plaintiff, the defendant executed a receipt for the same. That receipt is in these words: "I hereby certify that I, the undersigned, have received of Mathies Boehl, two hundred and ninety dollars specie, upon condition that I will execute to him a mortgage upon my property, to continue for one year, provided I shall have three months' notice before payment can be demanded

of the said money, and I am not at liberty to pay the same unless the like notice shall have been given to the lender of my intention to pay.

"Arthur Wadgymar.

"Witness: Fr. Freude.

"De Witt County, Texas, December 28, 1873."

The prayer of the petition is that he have judgment for his debt, that a lien upon the land may be established in his favor, and for sale of it to satisfy his debt.

To this petition defendants demurred and answered. Their demurrer was sustained so far as the petition set up a lien upon the land, and asked for its enforcement.

The case was submitted to a jury, who found for the plaintiff a verdict for his monied demand. Judgment accordingly.

By bills of exceptions, it appeared that the plaintiff offered to prove by witnesses the allegations of his petition as to the understanding with defendant in reference to the loan of money, the mortgage to be executed, and the lands upon which it was to be made, and this proof, upon objection, was not admitted.

The assignments of error present the question whether the court erred in sustaining exceptions to the plaintiff's petition and in rejecting the testimony offered.

*H. Clay Pleasants,* for appellant.

[No briefs on file for appellee.]

Quinan, Commissioner.— It is not questioned that an agreement in writing to execute a mortgage upon specific property would be enforced in equity. De Laire *v.* Keenan, 3 Dessaus., 74; Daggett *v.* Rankin, 31 Cal., 323. "The doctrine seems to be well established, that such an agreement, or a mortgage defectively executed, or an imperfect attempt to create a mortgage or to appropriate specific

property to the discharge of a particular debt, will create a mortgage in equity or a specific lien on the property so intended to be mortgaged." 1 Am. Leading Cases in Equity, 510.

But in the present case, the agreement which is sought to be enforced and carried into effect as a lien upon lands, contains no specific description of any property, whether real or personal, upon which it was to operate. In Williams *v.* Lucas, 2 Am. Cases in Equity, where the testator had borrowed of one Lane $300, and by his note of hand promised to pay the same, and to give security by a mortgage of lands for the same when required, it was held that the debt was not a charge upon any particular land, and could not be enforced.

Can parol testimony, then, be admitted to aid Wadgymar's imperfect agreement, and make a mortgage of it? We think not. That would be in violation of the "statute of conveyances," and would be creating an incumbrance upon real property by verbal testimony. It would be also objectionable as adding to and varying the written agreement of the parties by parol. It would be virtually to make a contract for them. This undertaking is not upon its face to create a mortgage upon real property. It would be satisfied by one upon chattels. It conveys the meaning that the property to be incumbered was the property then owned by him. The proof offered, was to apply it to lands afterwards acquired. It is very evident from the testimony offered by plaintiff that he has been imposed upon and defrauded by Wadgymar, but that will not justify the courts in violating the plain requirement of the law, "that no estate in lands shall be conveyed unless the conveyance be declared by writing," in order to extend him relief. Courts have gone very far in the admission of parol testimony to aid and explain written documents, but never to the extent claimed in the present case. What is asked is not merely to explain the instru-

ment, but to vary its terms; to change it from a writing respecting present property to one hereafter to be acquired; from property generally, whether real or personal, to specific tracts of land. Callison v. Grey, 25 Tex., 84; Castro v. Illies, 13 Tex., 235.

The appellant contends further, that this case is not within the statute, for that the purchase of the land by Wadgymar with his money had the effect to create a resulting trust in the land for him. This proposition cannot be maintained. "If one pays the purchase money of land by way of loan for another, and the conveyance is taken to the other, no trust will result to the one who thus pays the purchase money." Perry on Trusts, 133. Resulting trusts are not creative of contract. They arise from the acts of the parties, not from their agreement.

We are of opinion that there is no error in the judgment for which it ought to be reversed.

AFFIRMED.

[Opinion delivered March 25, 1881.]