A. C. McKeen et al. v. John H. James et al.

No. 93.

**1. Mortgage—Limitation—Trespass to Try Title.**

In an action to try title the defendant holder, through a deed on its face subject to prior liens, may show that the title exhibited by the plaintiff was a mortgage, and when plaintiff amends and asks foreclosure, may plead limitation to the debt secured by such mortgage ............... 199

**2. Same.**

That a purchaser from a mortgagor may as a general rule plead the statute of limitations to the debt secured by the mortgage, is settled in this court. A purchaser at an assignee's sale in bankruptcy proceedings by the mortgagor is not an exception............................ 200

**3. Cases Adhered to.**

Mann v. Falcon, 25 Texas, 271; Boggess v. Brownson, 59 Texas, 417; and Cason v. Chambers, 62 Texas, 305, adhered to....................... 200

Error to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

In the Court of Civil Appeals, James, Chief Justice, did not sit.

*Denman & Franklin*, with *John Ireland, Shook & Vanderhoeven*, and *John A. & N. O. Green*, for plaintiffs in error.—Herndon having executed the deed to McKeen absolute on its face, and defendants having subsequently acquired title from Herndon's assignee in bankruptcy by pure quitclaim deed, purporting on its face to carry the land subject to all encumbrances, with both actual and constructive notice of McKeen's claim, can not have said deed from Herndon to McKeen declared a mortgage without paying the debt secured thereby, and equity will not accept the plea of limitation as a payment. Jay v. Welchel, 3 S. E. Rep., 906; 2

Dev. on Deeds, sec. 1136; Northcraft v. Olliver, 74 Texas, 163; Goldfrank, Frank & Co. v. Young, 64 Texas, 439.

*Fisher & Townes,* also for plaintiffs in error.

*Simpson & James,* for defendants in error.—1. In this State it is settled that equity will not enforce an absolute deed as a mortgage where the grantee in the deed is in possession (and the same rule is applied in cases of mortgages where the mortgagee is in possession) after the debt has become barred by limitations, without requiring the debt to be paid. But our courts seem to have limited this rule to cases where the grantee or the mortgagee is in possession under the deed or mortgage. Hannay v. Thompson, 14 Texas, 144; Duty v. Graham, 12 Texas, 427; Calhoun v. Lumpkin, 60 Texas, 186; Burgess v. Milliken, 50 Texas, 397; Rodriguez v. Haynes, 76 Texas, 225; Morrow v. Morgan, 48 Texas 306.

2. The deed was a mortgage, and not a conditional sale. Austin v. Cundiff, 52 Texas, 462; Ruffier v. Womack, 30 Texas, 339; Loving v. Milliken, 59 Texas, 423; Gibbs v. Penny, 43 Texas, 560; McCamant v. Roberts, 15 S. W. Rep., 580, 1054; Thrimble v. McCormick, 15 S. W. Rep., 358; Hart v. Eppstein, 10 S. W. Rep., 85; De Bruhl v. Maas, 54 Texas, 464.

*A. M. Jackson, Jr.,* also for defendants in error.

GAINES, ASSOCIATE JUSTICE.—The land in controversy in this case having been purchased at a sale made by the assignee of John H. Herndon, a bankrupt, and the sale and conveyance having been made subject to encumbrances, a question arises in the minds of the court as to the right of appellees, who claim under that conveyance, to plead limitation in bar of the debt in order to defeat a foreclosure of the mortgage, if mortgage it was.

That the grantee of a mortgagor may plead the statute, when the conveyance is not made subject to the mortgage, seems to be settled. Cason v. Chambers, 62 Texas, 305. But when the mortgagor conveys subject to the mortgage, the land becomes, as between the grantor and grantee, primarily liable for the debt, and the mortgagor occupies the position of a surety.

Ought the grantee in an action to enforce the lien to be permitted to prove that the debt is barred, and thereby compel his grantor also to interpose the bar of the statute or to pay the debt?

If the last question should be answered in the negative, then the further question suggests itself, whether the same rule should apply to a sale and conveyance by an assignee in bankruptcy under the provisions of the bankrupt law of 1867.

Counsel for the respective parties are requested to present arguments upon the points suggested, either orally or in writing, as they may deem proper; and in order to enable them to do so, the submission heretofore taken will be set aside, and the cause set down for resubmission on the 22nd day of the present month.

Delivered February 8, 1894.

## ON RESUBMISSION.

*Fisher & Townes,* for plaintiffs in error.—There is, we think, a striking analogy between the position of a grantee of a mortgagor holding under a deed reciting that the property is sold subject to encumbrances and that of a purchaser from a vendee of land charged with a vendor's lien, or rather with an express lien reserved in the deed. To illustrate: A sells land to B, taking notes for deferred payments, and reserving therein and in the deed an express lien to secure the same; B in turn sells the land to C, subject to the lien. Now C, in a suit brought by A against C and B after the expiration of the statory bar of four years from the maturity of the note, to recover the money or the land, would not be permitted to interpose the bar of the statute so as to prevent the recovery of the land, without tendering or paying the unpaid purchase money. Ransom v. Brown, 63 Texas, 188; Foster v. Powers, 64 Texas, 247; Hamblen v. Walsh & Folts, 70 Texas, 132, 137.

In such case, as A, the original vendor, still has the superior title, it would seem that his vendee, whether immediate or remote, could not defeat his title by showing that the debt evidenced by the note is barred; and payment of the unpaid purchase money would therefore be essential to enable the defendant to defeat the right of the vendor to recover the land. The vendor, being the owner of the debt, would be entitled to the unpaid purchase money or the land, one or the other, unless the vendee, prior to the institution of the suit, had had actual adverse possession of the premises for a period sufficiently long to bar the vendor's right of entry or raise the presumption of payment.

Now while, as between the mortgagor and mortgagee, the right of the mortgagee to foreclose, in an action begun for such purpose after the bar had completed itself, might be defeated by the interposition of the statutory bar to the debt, it by no means follows that his grantee, who buys the mortgaged premises subject to the encumbrance, can make the same defense. By the terms of the deed, under which he holds, the land, which before the sale was the incident—the security for the debt of the mortgagor—becomes, as between him and his grantor, primarily liable for the debt, and the mortgagor occupies the position of a surety. Rice v. Saunders, 8 Law. Rep. Ann., 315, 317; Drury v. Holden, 121 Ill., 130; 5 Law. Rep. Ann., 276, 281, note.

Another effect of such an instrument is, that as between the mortgagor and his grantee, it will be presumed that the mortgage debt is a part of the purchase price of the land (Minor v. Terry, 6 Howard's Practice, 212; 7 Paige, 591, 594, 595; 9 Paige, 446), which the mortgagor, if compelled to pay, can recover of his grantee.

In a suit to foreclose, brought by the mortgagee against the mortgagor and his grantee, the grantee, as against the mortgagor, could not interpose the statutory bar against the mortgage debt, assumed by him and constituting part of the purchase price, and thereby defeat the mortgagor's right to land or money; nor could he compel his grantor, the mortgagor, to plead against the mortgagee the bar of the statute to the debt. He might, perhaps, reap the benefit of the bar, after it had been availed of by the original debtor, on the ground that the liability of such debtor to the mortgagee, the principal creditor, had ceased; but he could not, we submit, assert the bar of the statute against the mortgagee in an action to foreclose as long as his grantor, the original debtor, remained bound, or failed or declined to interpose the bar; nor, we repeat, could he compel the grantor to assert a defense purely personal to him.

If, therefore, the grantee of a mortgagor purchases mortgaged premises under an instrument reciting that he buys subject to the encumbrances, the effect of which as between him and his grantor is to impose upon him the payment of the encumbrances as part of the purchase price, and the mortgagor does not or will not, or because of death, or bankruptcy, or for other cause, can not plead the statute, it would seem that his grantee would be without right to interpose it. Again, as the grantor, the mortgagor, as between him and the grantee, is but a surety, it would seem that the mortgagee would be entitled to be subrogated to and allowed to assert and enforce for his protection any rights available to the original debtor. If these views be correct, then the judgment complained of is clearly erroneous and should be reversed.

That the deed under which the defendants, grantees of the mortgagor, assert title to the land in controversy was made by the mortgagor through an assignee in bankruptcy, under the Act of 1867 and the amendments thereto, can, we think, make no difference in the principle contended for, nor change the attitude in which the parties were placed through the effect wrought by the instrument under which they claim. With some immaterial exceptions, an assignee in bankruptcy under the Act of 1867 took the property of the bankrupt in precisely the condition in which it was held by the bankrupt. Bump, 10 ed., 500, 501. He had no higher or better right, and took the property with all the rights with which it was clothed and with all the burdens with which it was charged. Bump, 10 ed., 174, 500, 503; In re Hambright, 2 Bank. Reg., 498; Rhoades v. Blackiston, 106 Mass., 334; Windsor v. Kendall, 3 Storey, 507; In re Lyon, 7 Bank. Reg., 182. Under the order of the Bankrupt Court, and by its

authority only, he was authorized to sell encumbered property free of encumbrances. Bump, 174, 75, 618; In re Mebane, 3 Bank. Reg., 347; Ray v. Norseworthy, 12 Bank. Reg., 145; Zeigler v. Shomo, 78 Pa., 357. Encumbered property could, however, be sold by the assignee without order of the court, under his general powers, the law in such case being that the sale was subject to all encumbrances. Bump, 173, 174, 622; In re McClellan, 1 Bank. Reg., 389; Kelly v, Starnge, 3 Bank. Reg., 8; Bank v. Bank, 11 Bank. Reg., 49; Ray v. Norseworthy, 12 Bank. Reg., 145; Wicks & Co. v. Perkins, 13 Bank. Reg., 260; Meeks v. Whatley, 4 Bank. Reg., 498; Siebul v. Simpson, 62 Mo., 255; Douglas v. Zinc Co., 56 Mo., 388.

*A. M. Jackson, Jr.*, for defendants in error.—Though a somewhat novel question of limitations is presented, and different in some of its features from any case I know of adjudged by our courts (with but one single exception to be hereafter noted), it nevertheless seems to me, that as it arises in this case, the question finds easy solution by the application of principles well established by the adjudications of our courts, difficult as it may be to formulate a satisfactory answer to it as an abstraction.

It is too firmly established to admit of controversy, that in this State a mortgage, in what form soever drawn, is but a security for a debt. It creates a lien upon property, but does not operate a transfer of title.

It is also well settled, that when the debt which the lien secures becomes barred by limitations, the lien, which is but its incident, also becomes barred, and a suit for its enforcement can no longer be maintained.

So far, so good; but the question now arises, Who can take advantage of this condition of things? Is it merely the personal privilege of the party who created the debt and lien, or is this defense also open to all persons who have by contract, either express or implied, or by devolution of law, succeeded to the mortgagor's rights of property in the thing mortgaged?

While limitation, to be available, must be pleaded specially, it is not a plea of purely personal privilege. As stated by this court in its formulation of the question for discussion, that a grantee of a mortgagor may plead the statute of limitations in protection of his title, seems to be settled. But the court states the case and propounds the question as follows:

" When the mortgagor conveys subject to the mortgage, the land becomes, as between the grantor and grantee, primarily liable for the debt, and the mortgagor occupies the position of a surety. Ought the grantee, in an action to enforce the lien, to be permitted to prove that the debt is

barred, and thereby compel his grantor also to interpose the bar of the statute or pay the debt?"

I answer, the plea should be allowed; and for this answer offer the following reasons:

It is admitted, that when the conveyance from the mortgagor is silent as to encumbrances, the purchaser may protect his title by interposing the bar of the statute of limitations against the mortgage. Now, if the land is under mortgage at the time of the conveyance, the law implies and supplies the very things concerning which the conveyance is silent, i. e., that the conveyance is subject to the mortgage. What difference does it make in principle, or in what respect are the rights of the parties different, if in the face of the deed of conveyance they merely express what the law would otherwise imply? In the former case it has been frequently held, that the purchaser can protect his title by interposing the bar of the statute when the mortgage is sued on; and I know of no reason why he should not be permitted to do so in the latter case. Merely stating what the law would imply ought not to deprive the purchaser of any defense then existing, or which might thereafter arise in his favor.

As to questions of notice or want of notice which might arise under our registration laws, or as to rights of action that might accrue to the vendee under covenants of warranty, there might be a difference; but in other respects I submit that there are no differences.

It can not be assumed in this case that the amount of this mortgage was by agreement retained by the purchaser from the purchase price, because the facts forbid such assumption; and no presumtion of that can arise from the simple fact that the conveyance was subject to encumbrances, none being specified; and if this expression had reference to any known encumbrance, who is to say that it was not to the trust deed or mortgage of French & Co., who were the purchasers, and who held the first lien on the property?

I maintain that the only thing the expression, "subject to encumbrances," could effect would be to put the purchaser upon inquiry as to liens.

I respectfully call the attention of the court to the case of Johnston v. Real Estate Association, 2 Texas Civil Appeals, 494, which is more directly in point than any other case I have found. The contest in that case was between senior and junior mortgagees, but I take it that the position of a junior mortgagee is not more favored than that of a purchaser.

The opinion, I think, expresses the law of this case. If it be true, and surely it is well established in this State, that the plea of limitations will be available to a purchaser whose conveyance is silent as to encumbrances, I can see no reason why it will not equally avail the defendants in this case. I do not understand why merely expressing what the law

implies should deprive them of any right vouchsafed to them by the law.

I go a step further. Suppose when French & Co. purchased this property at the bankrupt sale they had expressly assured the payment of this mortgage. The promise would have been held as made for the benefit of the mortgagee, and he could then have held French & Co. as well as the land for the debt, as principal debtors. Even then I maintain that limitations would have been available as a defense if suit had not been brought until after the statutory period had elapsed, and even in that case a foreclosure could not be had.

But however the court may determine these questions as abstractions, I deny that there is any reason why the defense should not be held good in this case. The principle, that when the mortgagor conveys subject to the mortgage, the land becomes, as between the grantor and grantee, primarily liable for the debt, and the mortgagor occupies the position of a surety, has no application to this case. The sale and conveyance in this case was more in the nature of a legal sale than one by contract between the parties; and the personal liability of Herndon for the debt was extinguished by the very power which brought about the sale, i. e., the bankrupt law, and surely the bankrupt law did not, while discharging Herndon as principal debtor, make him liable as surety.

GAINES, Associate Justice.—The plaintiffs in error, who were plaintiffs in the trial court, sought to recover the land in controversy in an ordinary action of trespass to try title. They claim under a deed absolute upon its face, which the defendants, who claimed under a conveyance from the grantor's assignee in bankruptcy, alleged to have been only a mortgage. The plaintiffs, in a supplemental petition, prayed, that in the event the court should be of opinion that the deed was intended only as a mortgage, that they have judgment for the debt, and a decree foreclosing the mortgage for its payment. To this the defendants pleaded, that the debt alleged in the supplemental petition was barred by the statute of limitations.

The case was tried by a jury, who found that the deed was in fact a mortgage, and that the debt it was intended to secure was barred by limitation. Thereupon the court gave judgment for the defendants. The Court of Civil Appeals affirmed the judgment of the trial court.

We have given the case a very patient and deliberate consideration, and have concluded, that the appeal was properly disposed of by the Court of Civil Appeals upon all the points presented. The conclusions of that court are ably supported by a well considered and elaborate opinion, and it would serve no useful purpose to review questions therein discussed.

I will say, however, that if it were an open question in this court, I

should hesitate long before giving my assent to the rule laid down in Mann v. Falcon, 25 Texas, 271. It seems to me, that when an absolute conveyance of land is made for the purpose of securing a debt merely, that the grantee takes the legal title subject to the equitable right of the grantor to recover the land upon payment of the debt. Such being the rights of the parties, whatever the form of the action, in my opinion, the grantor should not receive the aid of a court of equity except upon condition that he do equity; that is, that he pay the debt, whether barred by limitation or not. An examination of the authorities satisfies me that this is the rule of decision in every State of the Union, except in this State and one other.

But the doctrine announced in Mann v. Falcon, supra, was reaffirmed by this court in Boggess v. Brownson, 59 Texas, 417, and perhaps in other cases. It has become a rule of property which is binding upon the courts, and I fully concur in the proposition that it should be followed.

That a purchaser from a mortgagor may, as a general rule, plead the statute of limitations to the debt secured by the mortgage, is settled in this court. Cason v. Chambers, 62 Texas, 305. In this case, however, the mortgagor was adjudged a bankrupt, and the land was sold by his assignee in bankruptcy, subject to existing liens. Whether this fact ought to take the case out of the general rule or not, we have had some doubt. We have referred the question both for argument and citation of authority, but no direct authority has been produced, nor have we found any. Not having found that an exception has ever been recognized in such a case, we are of opinion that the general rule ought to prevail.

The judgment of the Court of Civil Appeals and that of the trial court is affirmed.

*Affirmed.*

Delivered June 28, 1894.