### A. CALDWELL V. BRYAN'S EXECUTOR AND ELLA BEAUCHAMP.

Delivered December 24, 1898.

#### 1. Estoppel.

A grantee who files for record a deed of land subject to a mortgage the day following that on which it is attached by creditors of his grantor who afterwards become the purchasers thereof under the attachment sale, is not estopped to assert his claim to the land because he permits the purchasers to pay off the incumbrance thereon.

#### 2. Unrecorded Deed—Attaching Creditor.

An unrecorded deed of lands is, under the statute, void as against a creditor of the grantor securing an attachment lien on the land by levy made before record of the deed and without actual notice thereof. Rev. Stats., art. 4640.

#### 3. Same—Actual Notice After Levy—Resulting Trust.

An attaching creditor who knows at the time he purchases the land under attachment sale that it was paid for by another and was therefore held by the debtor grantee subject to a resulting trust, acquires no title as against the equitable owner.

#### 4. Resulting Trust.

A resulting trust arises in favor of one whose property is part consideration for a conveyance of land only to the extent of the proportion that the value of his property bears to the whole value of the consideration paid.

#### 5. Limitations—Rents and Improvements.

Rents accruing more than two years before suit is brought are barred by the statute of limitations, and can not be recovered except to balance a claim for improvements in good faith under the statute.

#### 6. Fraud—Sale—Agency.

The rights of a creditor purchasing at execution sale are not affected by a fraudulent agreement as to the sale, made prior thereto with the execution debtor by one purporting to represent the creditor, but having no authority to do so, the agreement not having been carried into effect.

#### 7. Judgment Upon Title Under Attachment Sale.

A judgment awarding defendant land which he claims under attachment sale is erroneous where it covers lands which were not included in the sheriff's return of the writs of attachment, the judgments foreclosing the attachment liens, or the sheriff's deed thereunder.

APPEAL from Hunt.    Tried below before Hon. HOWARD TEMPLETON.

*J. J. Matthews,* for appellant.

*Perkins, Gilbert & Perkins* and *M. M. Brooks,* for appellees.

RAINEY, ASSOCIATE JUSTICE.—This suit was brought by appellant against J. H. Bryan and C. H. Beauchamp, Sr., to recover the lands here in controversy, the basis of plaintiff's claim being that said lands were formerly the property of said Beauchamp; that on the 2d day of December, 1887, a writ of attachment was levied upon said lands, which said writ was issued by the United States Circuit Court in a suit then pending, wherein the White Sewing Machine Company was plaintiff and the said Beauchamp was defendant, in which suit plaintiff was seeking to recover on an indebtedness due it by said Beauchamp. Subsequetly a judgment was rendered in said suit in favor of plaintiff for the amount of said indebtedness and a foreclosure of the attachment lien. An order of sale was issued and said land sold thereunder, and same bid in by one Martin, who conveyed it to the appellant, who holds same in trust for said company and associates.

The defendant Bryan died during the pendency of the suit. His death was suggested, and his executor, Wesley Clark, made defendant. Said Clark answered, and as executor claimed said land by reason of the following: That on the 3d day of December, 1887, two writs of attachment were levied upon said land, which were issued out of the District Court of Dallas County in two suits then pending, wherein said Bryan was the plaintiff and C. H. Beauchamp was defendant, in which plaintiff was seeking to recover on an indebtedness due him by said Beauchamp; that subsequently judgment in both cases was rendered in favor of plaintiff for the amount of indebtedness and foreclosing the attachment liens, an order of sale was issued by virtue thereof, and said lands sold thereunder, which were bid in by him. He also claimed that there was collusion between C. H. Beauchamp, Sr., and the White Sewing Machine Company, in which it was agreed that said machine company would bid in said land at the sale under these judgments and convey the same to some person to be named by the said Beauchamp, who was to hold the same in trust for the said Beauchamp, and the said company was to reserve a lien upon said land to secure the indebtedness; that said sale was made at the door of the courthouse in Greenville, where it is not customary to make such sales, while at the same time the sheriff of said Hunt County was making sales at another door which was the customary place for making such sales and where the crowd had assembled, all of which was done for the purpose of defrauding him, the said executor.

C. H. Beauchamp entered a plea of not guilty.    Appellee, Ella Beauchamp, intervened, claiming one tract of 313 acres, known as the Romine tract, in Hunt County.    Appellee Clark, in reply to Ella Beauchamp's plea of intervention, pleaded the three years statute of limitation. Judg-

ment was rendered in favor of the appellant for part of the land. Appellee Clark recovered part of the land, and the appellee Ella Beauchamp recovered 313 acres claimed by her. From this judgment the appellant, A. Caldwell, alone appeals.

We will first notice the issues between appellant and Ella Beauchamp.

The first assignment presented is: "The court erred in giving the third paragraph (of the court's charge) touching the rights of recovery of Ella Beauchamp as to the 313 acres tract of land without accompanying the said charge with the charge of estoppel as requested by plaintiff." The charge requested is: "If you believe the interest had by intervener herein was a secret interest which she had in said land not shown by any record made public prior to December 2, 1887, and her interest or title was subject to the $1800 bond read in evidence, and that she failed to pay off and discharge the same when due, and kept silent on said claim until A. Caldwell had paid off the same with the interest thereon and penalty thereon accrued, and that she still failed to claim said land until said bond and claim became barred, then she is estopped from claiming said land, and you should find for A. Caldwell against her as to said 313 acres."

The evidence shows that Ella Beauchamp and brother, C. H. Beauchamp, Jr., children of the said C. H. Beauchamp, Sr., owned a tract of land jointly in La Salle County, Texas, which they inherited from their mother. In September, 1887, by an agreement between Ella Beauchamp, C. H. Beauchamp, Jr., and C. H. Beauchamp, Sr., the latter traded the La Salle County land to J. Romine for the said 313 acres of land in Hunt County. Ella Beauchamp and C. H. Beauchamp, Jr., executed a deed to said J. Romine for the said La Salle County land, and said J. Romine on September 9, 1887, executed a deed to C. H. Beauchamp, Sr., for the 313 acres of land in Hunt County, same being known as the Romine tract, but being a part of the Moore survey. The deed from Romine recited a payment in cash by C. H. Beauchamp, Sr., of $5000 and his assuming to pay a mortgage for $1800 on said 313 acres executed by Romine and wife to the J. B. Watkins Land Mortgage Company, together with all interest thereon. The real consideration paid to Romine for said land was $500 in money and vehicles turned over to him by C. H. Beauchamp, Sr., out of his hardware store, the tract of land in La Salle County, and the assumption of the $1800 mortgage on said land. For C. H. Beauchamp, Jr.'s, interest in said La Salle County land, C. H. Beauchamp, Sr., agreed to deed him other lands, which he did. A short time after said transaction, to wit, on October 5, 1887, C. H. Beauchamp, Sr., deeded to Ella Beauchamp the Romine 313 acres tract of land in Hunt County, and two other tracts of land, which two tracts, however, are not claimed by the said Ella Beauchamp in this suit. A part of the consideration recited being the assumption by Ella Beauchamp of the said mortgage lien, which deed was filed for record December 3d, at 10:52 o'clock a. m., 1887, in the county clerk's office of Hunt County.

C. H. Beauchamp, Sr., testified that said deed was executed to said Ella Beauchamp in consideration of said La Salle County land and other indebtedness due her by him. On December 2, 1887, the machine company caused a writ of attachment to be levied on this and other lands as the property of C. H. Beauchamp, Sr., which lands were subsequently sold under the judgment foreclosing the attachment lien. The evidence further shows that the said Watkins' mortgage was subsequently paid off by the appellant.

We are of the opinion that the court did not err in refusing to give the requested charge under consideration. The deed of Ella Beauchamp was on record long before appellant paid off the mortgage and it gave him constructive notice at least, that Ella Beauchamp was claiming the land. The evidence discloses no act or omission on the part of Ella Beauchamp constituting an estoppel.

The controlling issue between the appellant and Ella Beauchamp is presented by the fourteenth assignment of error, which is as follows: "The jury erred in its findings as to the title of said 313 acres of land as under the third paragraph of the court's charge in this, it found that the land conveyed by the intervener to J. Romine for said 313 acres tract was the sole cash consideration paid for said land; when the undisputed testimony of C. H. Beauchamp showed that she (and her brother) conveyed the West Texas land to J. Romine for the sum of ($5000) five thousand dollars, and that C. H. Beauchamp furnished ($500) five hundred dollars in trade out of his hardware store to J. Romine as the only payment to him.' All of the material evidence pertaining to this issue is stated above, except there was evidence tending to show that at the time of the sale of said land by virtue of the judgment in favor of said machine company, notice was given of Ella Beauchamp's interest in the land. It also shows that the deed from Romine to C. H. Beauchamp, Sr., was not recorded until February, 1895. Neither the machine company nor the appellant had notice of the execution of the said deed prior to the recording thereof.

Our statute, in effect, provides that unrecorded conveyances are void as to all creditors and subsequent purchasers for a valuable consideration without notice. Rev. Stats., art. 4640.

In construing this statute it has been frequently held by our Supreme Court that a lien fixed upon land by a creditor by judicial process is superior to the rights of a holder under an unrecorded deed and a purchaser under sale enforcing said lien takes a good title where the creditor is unaffected by notice of said deed at the date the lien is fixed, though notice of the unrecorded deed was given at the time of sale, under such process. Grace v. Wade, 45 Texas, 522; Linn v. Le Compte, 47 Texas, 440; Parker v. Cook, 60 Texas, 111; McKamy v. Thorp, 61 Texas, 469; Webb, Record of Titles, secs. 193, 196.

The deed to Ella Beauchamp not being of record when the writ of attachment was levied, and the appellee not having notice of her claim to said land, it follows that his title is superior to that claimed by her,

unless there was a resulting trust in her favor.   Blankenship v. Douglas, 26 Texas, 225; John B. Hood Camp v. De Cordova, 47 S. W. Rep., 522. In the latter case, Chief Justice Gaines says: "It is a well settled law of this State that the purchaser at a sale of land under execution to which the defendant in execution holds the legal title in trust, however, for another, acquires no title, provided that at the time of the purchase he has notice of the trust, and the rule is not barred, although the judgment creditor may without notice of the equity have fixed a lien upon the land in any of the modes provided by the statute." We think it clear from the evidence that C. H. Beauchamp, Sr., held the Romine tract in trust for Ella Beauchamp to the extent that her interest in the La Salle County land went to pay for said land.   We think it also clear from the evidence that there was no resulting trust in her favor for the amount of her brother's one-half interest in the La Salle County land, nor for the amount of money or other property paid for said land by C. H. Beauchamp, Sr.

A resulting trust arises from the transaction and is not created by contract.   Perry on Trusts, sec. 124; Boehl v. Wadgymar, 54 Texas, 589; Oury v. Saunders, 77 Texas, 278.   Nor can it rest in mere intention. To create a resulting trust in land it is necessary that the money or property of the person in whose favor the trust is claimed should be invested therein.   Where one buys land and pays his own money therefor and takes a deed in his own name, although he may intend that it be for the benefit of another, such would not constitute a resulting trust, and that other would have no interest in the land.

The consideration for the Romine tract being in part the property of said Beauchamp and in part the property of Ella Beauchamp, a trust resulted in her favor only to the extent that the value of her property bears to the whole value of the consideration paid.   Perry on Trusts, sec. 126; Somers v. Overhulser, 67 Cal., 237.

If Beauchamp was indebted to his daughter Ella Beauchamp and conveyed her the land, and his interest therein was in payment of said indebtedness, such conveyance vested in her the absolute title thereto, as he had a right to prefer her to other creditors (Eastman v. Roundtree, 56 Texas, 113), and had she recorded her deed before other creditors fixed a lien upon the land, they would have no cause of complaint.   But she having failed to do this, as to appellant, she occupies the position of any other grantee holding under an unrecorded deed.   Of course, if her father was not indebted to her, her claim would not prevail against his creditors.

We are of the opinion, therefore, that the finding of the jury in favor of Ella Beauchamp for all of said land was error.   The court correctly charged the law on this issue, but the finding of the jury under the evidence was contrary thereto, and the verdict should have been set aside.

The appellant complains of the court's charge in instructing the jury that if intervener was entitled to recover the Romine tract they would

find for her the actual cash rental value of the land since January 1, 1890. Intervener claimed rents by her first supplemental petition filed January 18, 1895. A recovery for rents accruing for more than two years before suit is brought is barred by the statute of limitations and can not be recovered for a period prior to that time, except to offset claims for improvements, in "so far as may be necessary to balance the claim, but no further." Rev. Stats., art. 5279.

This qualification was not embraced in the court's charge, and from the amount of rents found by the jury we think it evident that the jury rendered a verdict for a greater amount for rents than the intervener was entitled to.

We will now consider the issues raised between appellant and the appellee Clark. No brief has been filed by appellee Clark. We will therefore decide the issues raised upon the statements made in appellant's brief.

The following error is assigned by appellant, to wit: "The jury erred in its findings for defendant Clark as to any land sold at the sale had by the marshal of the United States court, because the evidence failed to show any agreement whatever between the White Sewing Machine Company or any person authorized by it, and the defendant C. H. Beauchamp, which was calculated to or did injure the rights of J. H. Bryan in said land, or did prevent him collecting any part of his judgment against Beauchamp which he otherwise would have collected."

The appellant's writ of attachment was levied prior to those of appellee Clark, consequently his rights to the land are superior to those of Clark, unless there was fraud in the sale of the land under the company's judgment. The fraud relied on to defeat appellant's claim is the alleged agreement between said company and C. H. Beauchamp, Sr. On the day of, and before the sale of, the land under the company's judgment, the following instrument was executed, to wit:

"*The State of Texas, County of Hunt.*—This agreement, made and entered into the 7th day of May, 1889, by W. B. Woody and Chas. H. Beauchamp, Jr., the former of Milam County, Texas, and the latter of Hunt County, Texas, witnesseth: Whereas, the said Woody has this day purchased the lands and town lots sold by the United States marshal under an order of sale issued out of the United States Circuit Court of Dallas, Texas, which sale took place at Greenville, Texas, this day, in the suit of the White Sewing Machine Co. v. C. H. Beauchamp & Co., No. ..., in said U. S. Circuit Court. Now, said Woody agrees to convey the said lands so purchased by him to Chas. H. Beauchamp, Jr., for the sum of .... dollars, for which Chas. H. Beauchamp is to execute notes with vendor's lien on the land secured by deed of trust thereon, payable on or before 6, 12, and 18 months, in equal payments, from date, with interest at 12 per cent per annum from date and payable as aforesaid to whom said Woody may designate. In consideration of said agreement made by said Woody, said C. H. Beauchamp, Jr., agrees to execute

his notes in three equal sums, aggregating the sum of .... dollars as aforesaid, upon the terms aforesaid, secured by vendor's lien and deed of trust upon the said lands.   I sign this subject to be filled out by me.

"W. B. WOODY,<br>"C. H. BEAUCHAMP, JR."

This agreement was made at the instance of C. H. Beauchamp, Sr. At that time he was indebted to the Kansas Manufacturing Company, the Davis Carriage Company, as well as the White Sewing Machine Company.   The amounts of the notes mentioned in the agreement was to equal the sum of the indebtedness due the three companies above mentioned.   C. H. Beauchamp testified that he did not have the money to pay off the White Sewing Machine Company's debt, and his object in making the agreement was to save his land.   Woody objected to signing the instrument until after the sale and Beauchamp insisted on his signing before.   Woody then objected to signing at all, and Beauchamp told him he would denounce the whole sale as a fraud, and Woody signed it.   This agreement was never carried out, Messrs. Matthews and Neyland, the attorneys for the White Sewing Machine Company, and who represented said company at the sale, refusing to recognize it.   The land was deeded by the marshal to one Martin, who deeded it to appellant in trust for the three companies above named, in pursuance of the following agreement made December 3, 1887, to wit:

"*The State of Texas, County of Hunt.*—Know all men by these presents, that whereas the White Sewing Machine Co., the Kansas Manufacturing Co., and the Hiram W. Davis Carriage Co., each have sued C. H. Beauchamp, of Greenville, Hunt County, Texas, for several amounts due by him to each of said companies respectively, and have each attached the property of said Beauchamp to secure the amounts due each of said companies respectively.   Now therefore the said companies do each hereby agree to prosecute its said suit and to recover as much as may be recovered therein, and to divide the proceeds or effects recovered therein pro rata, according to the amount of the claim each of said parties hold respectively against said Beauchamp and for which suit has been brought.

"Dec. 3, 1887.

(Signed)    "KANSAS MANUFACTURING CO.,<br>
"By W. B. Woody.<br>
"HIRAM W. DAVIS CARRIAGE Co.,<br>
"By W. L. Husef, Agt.<br>
"WHITE SEWING MACHINE Co.,<br>
"By W. T. D. Maynor, Agt."

Woody was the traveling salesman for the Kansas Manufacturing Company, and was sent to look after its claim against Beauchamp, but had no authority to buy in the land for said company.   He was not the

agent of the White Sewing Machine Company, and had no authority to act for it. Beauchamp stated, "I understood that Woody was the agent of the White Sewing Machine Company after the sale." This is not sufficient to show authority in Woody to bind said machine company. The agreement between said companies did not confer power on each company to act for the others. By its terms each was to prosecute its suit and recover as much as possible and then divide. Woody having no authority to act in the premises, the agreement made by him with Beauchamp, if fraudulent, would not defeat the rights of said machine company to the land, there being no evidence that the said company was a party to or participated in said fraud. We therefore conclude that the verdict and judgment was error as complained of.

The judgment is also erroneous in decreeing to said Clark the 160 acres in the Robert Ragsdale survey. Clark's claim to any of the land was by virtue of the levy of the attachments, and the judgment foreclosing the attachment lien and sale thereunder in the suits of Bryan against Beauchamp. The evidence shows that this tract was not included in the lands shown by the sheriff's return of the writs of attachment to have been levied on; that it was not included in the judgments foreclosing the attachment liens, nor was it included in the sheriff's deed executed by virtue of the sales under said judgment. This being the state of the evidence, Clark never acquired any right to this land, and was not entitled to recover.

We deem a discussion of the other assignments unnecessary.

The judgment is reversed and cause remanded.

*Reversed and remanded.*