AARON FRANK CLOTHING CO. v. DEEGAN et al. (No. 6057.)

(Court of Civil Appeals of Texas. San Antonio. June 15, 1918. Rehearing Denied July 1, 1918.)

1. TRUSTS ☞80—RESULTING TRUST — PURCHASE OF LAND.

Where plaintiff loaned money to defendant to buy land for defendant, who agreed to repay the money, there was no resulting trust, to create which the payment must be made at the time of purchase.

2. FRAUDS, STATUTE OF ☞56(4)—LIEN ON LAND—PAROL AGREEMENTS.

No lien can be created on land by lending money to a purchaser thereof on his oral promise to convey the land to the lender in default of payment, since a lien upon real estate will not be created by parol agreement.

3. LIMITATION OF ACTIONS ☞27—PAROL CONTRACT.

One who loaned money to another to purchase land for the latter, who agreed to convey the land to the lender, in default of payment could not maintain suit nearly five years thereafter to establish a lien on the land or recover the money; the parol promise being barred by the statute of limitations of two years.

4. SUBROGATION ☞1—AGREEMENT OR IMPLICATION.

Subrogation may arise by agreement of the parties or by implication in equity to prevent fraud or injustice.

5. SUBROGATION ☞23(1) — DISCHARGE OF DEBT—PURCHASE MONEY.

Where plaintiff loaned defendant money with which to buy land for defendant, without agreement for subrogation, and defendant paid part of the purchase money, giving notes for the rest which he ultimately paid, such payment extinguished the debt, and the doctrine of subrogation did not apply in favor of the lender.

6. TRUSTS ☞89(3)—EVIDENCE—SUFFICIENCY.

Evidence *held* insufficient to establish trust in land for money loaned to pay purchase money.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by the Aaron Frank Clothing Company against J. L. Deegan and wife and another. Judgment on directed verdict for defendants, and plaintiff appeals. Affirmed.

Davis & Long, of San Antonio, for appellant. T. H. Ridgeway and T. J. Murray, both of San Antonio, for appellees.

FLY, C. J. This suit was instituted by appellant against J. L. Deegan and Ordelia Deegan, his wife, and the Scottish-American Mortgage Company, to recover the sum of $3,190.15, and to foreclose a lien on certain property in San Antonio, Tex. Ordelia Deegan, for herself and as executrix of the will of J. L. Deegan, answered by numerous exceptions and denials of the truth of the allegations of the petition. The petition is quite

voluminous, but from which we glean the allegations that J. L. Deegan owned certain shares of stock in the appellant corporation and was an officer and employé thereof; that appellant advanced certain sums of money to him which were used to purchase the lots described and to improve the same; that there was a verbal agreement between Deegan and appellant on March 10, 1910, that Deegan would repay the money advanced to him, and that if not repaid that he would convey the property to appellant; that title to the land was taken in the name of Ordelia Deegan; that $700 in cash was paid by Deegan on the property, and vendor lien notes were executed for the balance of the purchase money; that subsequently Deegan made another payment of $700 on the land; that the lien notes were paid with funds advanced to Deegan by appellant; that improvements were made on the land, and a mechanic's and materialman's lien was given to secure $3,700, the price of improvement, which debt and lien eventually passed into the hands of the Scottish-American Mortgage Company, Limited, and it was for that reason made a party. Appellant claimed that the verbal agreement with Deegan made appellant the equitable owner of the property, and that a "resulting trust, fiduciary trust, express trust, and implied trust were by reason of said agreement and advancements created in favor" of appellant, and that it was subrogated to the vendor's lien paid off with its advancements. The court, after hearing the testimony, instructed the jury to return a verdict for appellees, which was accordingly done and judgment rendered thereon.

[1] The evidence shows nothing but a plain ordinary case of lending a man money, which he invested in land and improvements. Neither allegations nor proof show any kind of trust in the property or lien of any description thereon in favor of appellant. There was no agreement to give a lien on the property, but the money was loaned to J. L. Deegan not to buy land for appellant, but to buy land for himself, and it was bought for himself and the improvements made for himself. As said by Perry, in his work on Trusts (section 133):

"There must be an actual payment from a man's own money, or what is equivalent to payment from his own money, to create a resulting trust. And the money must be advanced and paid in the character of a purchaser; for if one pay the purchase money by way of loan for another, and the conveyance is taken to the other, no trust will result to the one who thus pays the purchase money."

The particular land was in view when the money was loaned and became the property of Deegan. The suit is founded on a contract to repay the money. "Resulting trusts are not creative of contract. They arise from the acts of the parties, and not from their agreement." Boehl v. Wadgymar, 54 Tex. 589. In order to create a resulting

trust, the payment must be made at time of purchase. Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030. In the case of Ruhl v. Kauffman, 65 Tex. 723, Kauffman loaned Ruhl $5,000, with a view that the latter should purchase a certain lot. The lot was purchased, deed being made to Ruhl. There was no agreement that Kauffman should have a lien, and the court held the relation of vendor and vendee was not created, and that Kauffman had no lien on the property to secure his debt. To the same effect are Caldwell v. Bryan, 20 Tex. Civ. App. 168, 49 S. W. 240; Jordan v. Jordan, 154 S. W. 359; and Hatton v. Bodan Lumber Co., 57 Tex. Civ. App. 478, 123 S. W. 163.

[2] No lien could be created on land by lending money to a purchaser thereof upon his promise to convey the land to the lender if he did not repay the loan. A lien upon real estate cannot be created by a parol agreement. Poarch v. Duncan, 41 Tex. Civ. App. 275, 91 S. W. 1110; Allen v. Allen, 101 Tex. 362, 107 S. W. 528.

[3] The land was conveyed to Mrs. Deegan as her separate property, the recitation in the deed being that the consideration was paid out of the separate estate of Mrs. Deegan. She pleaded two and four years' limitation to the cause of action. The verbal contract was made on March 10, 1910, and the suit was filed on January 20, 1915, nearly five years thereafter. The evidence failed to show any fraudulent conduct on the part of Mrs. Deegan, but if fraud had been shown it occurred more than four years before the suit was instituted. Any parol promises made by Deegan were barred, long before the suit was filed, by the statute of limitations of two years. The deed to Mrs. Deegan was placed on record on March 29, 1910. Cason v. Chambers, 62 Tex. 305; McKeen v. James, 87 Tex. 193, 25 S. W. 408, 27 S. W. 59; Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; Darrow v. Summerhill, 93 Tex. 92, 53 S. W. 680, 77 Am. St. Rep. 833.

[4, 5] There was no agreement that appellant should be subrogated to the rights of the vendors under their lien reserved in their deed, and full payment of the purchase money was not made by appellant. Subrogation may arise by agreement of the parties or by implication in equity to prevent fraud or injustice. Cason v. Connor, 83 Tex. 26, 18 S. W. 668; Oury v. Saunder, herein cited. There was no agreement as to subrogation in this case, and the payment of the notes extinguished the debt, and the doctrine of subrogation has no application. Fievee v. Zuber, 67 Tex. 275, 3 S. W. 273; Furche v. Mayer, 29 S. W. 1099. It is not pretended in this case that Deegan ever agreed that appellant should occupy the place of the vendors as to the lien for the purchase money. No reliance was ever placed on subrogation to the rights of the vendors, the only agreement being made before the land was bought,

and that to the effect that, if the money was not realized from the estate of the father of Mrs. Deegan, Deegan would convey the property to appellant. The vendor's lien was never mentioned between the parties.

[6] If the facts testified to in this case by the witness, who is really the corporation, are true, it is a most remarkable affair. His testimony shows that an employé was loaned money upon a verbal promise to pay it; no note or other written evidence of the debt being taken, and the money to be invested in a home for the employé and wife. The conveyance was made to her, as her separate property; a vendor's lien being reserved to secure deferred payments. When those deferred payments became due, a portion of them were paid off by the corporation; no effort being made to have the notes transferred to appellant, or any agreement, parol or otherwise, being made to retain the lien. Money was then furnished to pay for a house and other improvements, no effort being made to obtain a lien or even a promissory note, and it was only after nearly five years had elapsed that any effort was made to collect the debt. The whole story seems unreal and amazing, and it cannot be a subject of wonder that the court instructed a verdict for appellee. It is only after the death of Deegan, when no one is living to testify to the facts as perhaps he saw them, that the remarkable state of facts is disclosed in a courtroom. The property was many years ago dedicated to homestead purposes, and still has that character, and it should not be dismantled and destroyed by the party at interest whose testimony cannot be directly contradicted, because death has intervened and destroyed the testimony of the only other witness to the transaction. A trust cannot be created or a lien preserved upon the unsatisfactory and remarkable testimony of the interested real party who instituted this suit.

In the case of Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136, which is relied on by appellant, Sullivan furnished money to McKinley, an assignee of the vendee, to pay off a vendor's lien note, with the understanding that Sullivan should hold the note for security. When the note was taken up by McKinley, the bank marked "Paid," across its face. Doyle was the original vendee, and he sold to McKinley, and Sullivan sued both of them on the note. The Supreme Court held that, as to the vendor of Doyle who held another note, there was no subrogation for Sullivan; but, under the agreement between Sullivan and McKinley as to the note being held by Sullivan as security, the latter was subrogated to the lien to the amount of the note. That case is not a parallel one to this case. There was no agreement as to a lien between appellant and Deegan. None of the cases cited by appellant are applicable to the case made by facts herein.

The judgment is affirmed.