**BATSON et al. v. FIRST NAT. BANK OF NORMANGEE.**

No. 1338.

Court of Civil Appeals of Texas. Waco.

April 13, 1933.

Rehearing Denied June 1, 1933.

Eric Eades and Sam P. Kohen, both of Dallas, Brownlee & Brownlee, of Madisonville, and Reed & Currie, of Dallas,. for appellants.

M. L. Bennett, of Normangee, and Max M. Rogers, of Groveton, for appellee.

STANFORD, Justice.

This suit was instituted by the appellee, First National Bank of Normangee, in the district court of Madison county, against the appellants, C. L. Batson, J. H. Batson, and W. R. Batson, as trustees of the estate of Seth Batson, Sr., deceased, and Mrs. Fannie E. Batson, surviving, and individually, and also against Mrs. Fannie E. Batson, Mrs. Pearl Campbell, Miss Ellene Batson, Mrs. Myrtle Lewis and husband, Mrs. Corrie Allen and husband, Mrs. Lida Toland and husband, and Mrs. Velma Knight and husband. The suit was based upon a promissory note which the appellee alleged in its petition was executed on November 1, 1930, by the appellants Mrs. Fannie E. Batson and Wade R. Batson, for the use and benefit of the estate of Seth Batson, Sr., deceased, and Mrs. Fannie E. Batson, surviving, and for the use and benefit of all the other appellants herein.

The appellee further alleged that the proceeds of the note were used at the instance and request of the trustees of the estate of Seth Batson, Sr., deceased, and Fannie E. Batson, surviving, for the use and benefit of said estate and for the use and benefit of the heirs of said estate; that said heirs were undertaking, in violation of the terms of the trust agreement, to appropriate the estate to their own use, and especially C. L. Batson had taken over unto himself the management of said estate for his own use and benefit, in violation of the terms of said trust agreement, and that the other heirs of said estate had placed and undertaken to place the estate in the possession and ownership of C. L. Batson, whereby and on account of which said heirs, individually, and C. L. Batson, together with the trustees of said estate, had become liable to the plaintiff for the amount of said note.

Appellee also alleged the making by Seth Batson, Sr., deceased, and his wife, Mrs. Fannie E. Batson, of a deed to C. L. Batson, W. R. Batson, and J. H. Batson, as trustees, whereby they conveyed to said trustees approximately 600 acres of land in Madison county, to be held and managed by said trustees, and the rents therefrom to be turned over to the grantors, Seth Batson, Sr., and wife, or the survivor of them, for their support and maintenance.

Appellee sought judgment against all the appellants for the amount of said note, and prayed for the establishment of an equitable lien against 600 acres of land alleged to belong to the estate of Seth Batson, Sr., deceased, and his surviving widow, Mrs. Fannie E. Batson, and for foreclosure of such lien.

A jury was waived, and all matters of fact as well as of law were submitted to the court, who on May 20, 1932, rendered judgment for the amount of $968.23, against Mrs. Fannie E. Batson and Wade R. Batson, as primarily liable for the payment of said note, and against C. L. Batson for the same sum, as being secondarily liable for the payment thereof. The court further ordered and decreed that, by reason of the conversion of the 600 acres of land referred to in the trust agreement, by C. L. Batson, an equitable lien should be and was decreed upon the 600 acres of land to secure the payment of the appellee's indebtedness, and ordered a foreclosure of said lien and directed the issuance of an order of sale, and further ordered that, if the lands be sold for a sum insufficient to pay off and satisfy the judgment, the remainder should be made under execution against Mrs. Fannie E. Batson and Wade R. Batson, primarily liable, and against C. L. Batson, secondarily liable. The court further rendered judgment that appellee take nothing against the other appellants, and adjudged the costs against all the appellants.

The appellee's first amended original petition upon which it went to trial showed upon its face that the suit was predicated upon a promissory note signed only by Mrs. Fannie E. Batson and Wade R. Batson, and that the same was not signed in any manner by any of the other appellants.

■ There can be no doubt but that the court erred in holding C. L. Batson, or any other of the parties to this suit, liable, who did not sign the note sued upon. It is elementary that, for a party to be liable on a promissory note, such party must have signed said note. In this case none of the parties to this suit signed the note sued upon except Fannie E. Batson and Wade R. Batson. Hence, there is no liability against any of said other parties. Article 5932, § 18, R. S. 1925; T. L. & C. Co. v. Carroll, 63 Tex. 48, 51; Person v. Katz (Tex. Civ. App.) 47 S.W.(2d) 657; Williams v. Kincannon (Tex. Civ. App.) 265 S. W. 925, 927; Dominion Oil Co. v. Pou (Tex. Civ. App.) 253 S. W. 317; Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 66 Am. St. Rep. 913; Spencer v. Presbyterian Board of Ministerial Relief, Etc. (Tex. Civ. App.) 36 S.W.(2d) 606; Wood v. Key (Tex. Civ. App.) 256 S. W. 314; Barton v. Farmers' State Bank of Bertram (Tex. Civ. App.) 263 S. W. 1093; 8 C. J. par. 82, p. 61, par. 267, pp. 157, 158. We sustain appellants' contentions here set out.

The second and fourth propositions of appellants challenge the sufficiency of the pleadings and the evidence to warrant the court in establishing an equitable lien against the 600 acres of land referred to in appellee's pleading and ordering a foreclosure thereof. The only witness who pretended or claimed to have any knowledge of the transactions between the appellee bank and the appellants, Fannie E. Batson and Wade R. Batson, was the bank's vice president, A. J. Rogers. He testified concerning his making loans to Fannie E. Batson and Wade R. Batson for the bank.

The appellee's petition showed upon its face, and all the evidence established, that appellee sought to recover money which it had loaned to the appellants Fannie E. Batson and Wade R. Batson upon their unsecured promissory note. The note, which was introduced in evidence, likewise established said fact conclusively, and there is no contention to the contrary; but appellee insists that, notwithstanding the fact it loaned the money only to said appellants Fannie E. Batson and Wade R. Batson, it is entitled to an equitable lien upon the land referred to in its petition, because the money was used by them in the preservation of the estate of Seth Batson, Sr., deceased, and Fannie E. Batson, surviving.

■ The record not only fails to establish that a lien of any kind was given, promised, intended, or contemplated, but affirmatively establishes the fact that the money represented by the note sued on was loaned by the appellee to Fannie E. Batson and Wade R. Batson upon their personal and unsecured note. A. J. Rogers, vice president of the bank, testified in reference to the loan made to Fannie Batson as follows:

"Q. You didn't take any lien or assignment or anything like that from her? A. No sir.

"Q. You never asked for any kind of security? A. No sir. * * *

"Q. You didn't undertake to have her sign any assignment or transfer? A. No sir.

"Q. You just loaned the money on her statement that she had the money coming to her and that she would apply it that way? A. Yes sir. * * *

"Q. And at the time you let your Aunt Fannie have the money you were relying upon she and Wade, the makers of the notes, to pay them off? A. Yes sir.

"Q. And you were not relying upon the trustees named in that trust deed to pay them off? A. No sir.

"Q. And therefore you didn't expect them to pay the note? A. No sir. * * *

"Q. As a matter of fact you did not rely upon the trustees to pay off the notes? A. No sir. * * *

"Q. Did any one of the Batson family, other than Fannie E. Batson or Wade Batson ever promise to pay your bank that money? A. No sir."

That one who lends money on an unsecured promissory note has no equitable lien upon property improved, preserved, or purchased by the borrower, with the funds thus obtained, is, we think, elementary. Simkins, Equity, 336; Jordan v. Jordan (Tex. Civ. App.) 154 S. W. 359; Hatton v. Bodan Lbr. Co., 57 Tex. Civ. App. 478, 123 S. W. 163; Ruhl v. Kauffman, 65 Tex. 723; Snodgrass v. Brownfield State Bank (Tex. Civ. App.) 251 S. W. 567, 569; Malone v. Kaufman, 38 Tex. 454, 455; National City Bank of New York v. Hotchkiss, 231 U. S. 50, 34 S. Ct. 20, 58 L. Ed. 115; Caldwell v. Bryan's Ex'r, 20 Tex. Civ. App. 168, 49 S. W. 240; Poarch v. Duncan, 41 Tex. Civ. App. 275, 91 S. W. 1110. The pleadings and evidence submitted by appellee are wholly insufficient to warrant a judgment establishing a lien upon the land and ordering a foreclosure thereof. We sustain appellants' contention here made.

■ Under propositions 5, 6, and 7, the trial court found "that the moneys advanced to Fannie E. Batson and Wade R. Batson, so far as plaintiff had notice or information, were moneys needed for the preservation of said estate," and further found "that a portion of said moneys was used in the payment of taxes, a portion in paying for material to improve said estate," and the court also found "that at such time Fannie E. Batson and Wade R. Batson owned jointly some cattle and other livestock," and that "on or about the date of the execution of the note sued on. which was a renewal of a former note, the greater portion of such livestock was sold

and the proceeds therefrom were turned over to C. L. Batson."

The fact that the moneys advanced to Fannie E. Batson and Wade R. Batson, so far as plaintiff had notice or information, were moneys needed for the preservation of said estate, is wholly immaterial. The fact that the money involved here was borrowed from the bank was, and is, wholly immaterial. Said money, after having been borrowed from the bank and notes executed therefor, was and continued to be the money of Fannie E. Batson and Wade R. Batson, and the bank had no lien or rights in said money after same was so loaned and delivered to Fannie E. Batson and Wade R. Batson, and said parties were free to use said money in any way they saw fit. It is also true that the fact that a portion of said money was used in the payment of taxes, a portion in paying for materials to improve said estate, was immaterial. The matter here considered in no manner could have created any lien whatever upon the 600 acres of land herein referred to. The contention of appellants herein is hereby sustained.

■■■ The court concludes, as a matter of law, in its eighth and ninth propositions, that when C. L. Batson accepted deeds to the 600 acres of land that he converted said estate from the purposes of the trust agreement, undertook to prefer himself as a creditor, and "that by reason of such conversion and such preferment, he made himself personally liable for the payment of said indebtedness," and further concluded "that by reason of the conversion of said estate and the agreement thereto among all the heirs, an equitable lien was caused to exist to secure the payment of such indebtedness."

The real estate referred to consisted only of 600 acres of land. Real estate cannot be converted—at least not as here claimed. The conclusion by the court to the effect that, when C. L. Batson accepted such deeds to the land in question, he undertook to prefer himself as a creditor, it is thought is not tenable in this case. The suit was not one to set aside a conveyance alleged to have been made by insolvent debtors for the purpose of delaying, hindering, or defrauding their creditors. Indeed, most of the grantors in the deeds to C. L. Batson were admittedly not indebted to the appellee in any respect. But if the transfer of the property to C. L. Batson should be considered as having been made by the grantors for the purpose and with the intent of hindering, delaying, and defrauding their other creditors, including the appellee, yet such deeds would pass good title, because the court specifically found "that at the time of the execution of such deeds to C. L. Batson, said estate was indebted to C. L. Batson," and "that said deeds were executed to C. L. Batson for the purpose of satisfying such indebtedness to him." Black v. Vaughan, 70 Tex. 47, 7 S.

W. 604; Sanger v. Colbert, 84 Tex. 668, 19 S. W. 863; Terry v. Spearman (Tex. Com. App.) 259 S. W. 563; Teague v. Fairchild (Tex. Com. App.) 15 S.W.(2d) 585. It is true, however, that neither the pleadings nor the proof raise any question relative to the preference of creditors, and the suit was not one to set aside a fraudulent conveyance. The conclusion by the court that, by reason of the conversion by C. L. Batson of said estate, and the agreement thereto among all the heirs, an equitable lien was caused to exist to secure the payment of such indebtedness, is without any support in law or fact. In other words, unless the acts and conduct of the parties while they were dealing with each other, that is, unless the conduct of Fannie E. Batson and Wade R. Batson, at the time they were borrowing the money from the bank, were such as to create an equitable lien, no such lien could arise on account of, and by reason of, C. L. Batson accepting deeds two or three years later.

It must be borne in mind that the note sued on by the appellee was not the note of C. L. Batson, and the statute above referred to, Revised Statutes, article 5932, prevents his being liable thereon.

No evidence of an intention on the part of Fannie E. Batson or Wade R. Batson to give the bank a lien can be found in the record, and the bank's own officer, who made the loans to them, specifically stated that he did not ask for any kind of a lien or security for the payment of the bank's debt.

Certainly there was no intention on the part of C. L. Batson, in accepting the deeds which were made to him, to give the bank any kind of a lien upon the property, nor was it alleged or contended by the appellee that any such intention ever existed. Terry v. Birmingham Nat'l Bank, 93 Ala. 599, 9 So. 299, 30 Am. St. Rep. 87; Glencoe Land & Gravel Co. v. Hudson Bros. Comm. Co., 138 Mo. 439, 40 S. W. 93, 36 L. R. A. 804, 60 Am. St. Rep. 560; Smith v. Jaggers (Tex. Civ. App.) 16 S. W.(2d) 969. We sustain the contention here made by appellants.

In so far as the judgment of the trial court attempts to fix and foreclose a lien upon the 600 acres of land, the same is hereby in all things reversed and rendered for the appellants. In so far as the judgment is rendered against C. L. Batson, the same is hereby reversed and rendered in his favor. In so far as the judgment is in favor of Mrs. Lida Toland and husband, Mrs. Myrtle Lewis and husband, J. H. Batson, Mrs. Corrie Allen and husband, Mrs. Velma Knight and husband, Mrs. Pearl Campbell, and Miss Ellene Batson, the same is in all things affirmed, but without any costs against said last-named parties. In so far as the judgment is rendered against Fannie E. Batson and Wade R. Batson, the same is hereby affirmed. All costs incurred herein, except the cost of securing

judgment against Fannie E. Batson and Wade R. Batson, is hereby adjudged against appellee. The costs incurred in securing judgment against Fannie E. Batson and Wade R. Batson is hereby adjudged against said parties.