Wheeler, J.
The plaintiffs rested their claims to relief on two grounds :
1st. The nullity of the judgment against Grigsby and the invalidity of the proceedings thereon.
2d. A trust resulting to them upon the purchase by Crawford.
The mode of obtaining personal service of process upon the defendant in 1839, when the citation in the suit against Grigsby purports to have been served, was by delivering to him a copy of tlie writ and petition. There was no authority of law for serving process by simply reading it. There was, therefore, no legal service of process upon Grigsby. He had not legal notice of the suit, and, consequently, was not affected by the judgment. No person is bound by any decree or judgment to which he has not become a party in some of the inodes known to tlie law. (3 U. S. Cond., 312; 9 How. R., 350; 15 J. R., 142; 1 Hill (N. Y.) R., 139, 141; 1 Barb. R., 289; 2 B. Mour., 455; 11 N. Hamp., 191.) The judgment as to Grigsby was void. Ills rights were in noway affected by it or by the proceedings under it. Those proceedings neither invested him with the title to the land nor did they divest that of the heirs of McCoy. But the acts of the defendants were calculated to cast a cloud upon the piaintiff’s title, and they might well maintain the action to remove tlie adverse claims asserted and to lie secured in the possession and enjoyment of their property. (Hatch v. Garza, 7 Tex. R., 60.)
*179 Moreover, flic administrator, Crawford, purchased with the funds of the estate ; and if the, judgment against Grigsby had been valid and the sale legal, still the purchase would have inured to the benefit of the estate. It. is well settled that where one buys land with the money of another and takes the deed in his own name, a trust results in favor of the person whose money was employed in making the purchase. The latter is the equitable, owner of the land, and tlie purchaser is a mere trustee aud holds for the benelit of him who paid tin* pnrehasei-nioney. (Neill v. Keese, 5 Tex. R., 23.)
The defendant, Threadgill, bought with a knowledge of the facts. lie is chargeable, with notice of'the, title'of the plaintiffs, and his purchase was subject to their rights. He acquired no better title than his vendor possessed. The conduct of the administrator was a fraud upon the rights of the. heirs of the estate, which he represented; and Threadgill, by his purchase from the administrator, with a knowledge of the facts, becameparticeps criminis in the fraud. As between the parties to this suit, the title to the land, both legal and equitable, appears to be in the plaintiffs. They clearly were entitled to maintain the action, aud the court erred in giving- judgment for the defendants. The judgment must be reversed and the cause remanded for further proceedings.
Beversed and remanded.