**HIGHSAW et al. v. HEAD et al.**
(No. 178–3206.)

(Commission of Appeals of Texas, Section A. March 16, 1921.)

Trusts ☞84—Sale of community land and investment of proceeds in other land held to impress the land purchased with a resulting trust.

Where a father purchased land during his second marriage for a consideration paid from proceeds of sale of three tracts, one belonging to the community of the second marriage, one to the issue of his first marriage, and one which was his separate property, a resulting trust was created in the purchased land in favor of the children of the first marriage, which must be considered upon partition of the land.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Willie Highsaw and others against Joe Head and others. Judgment in part for plaintiffs and in part for the defendants was by the Court of Civil Appeals affirmed (202 S. W. 155), and plaintiffs bring error. Judgment of the trial court and Court of Civil Appeals affirmed.

Sherrill & Starnes, of Greenville, for plaintiffs in error.

Sam D. Stinson and Neyland & Neyland, all of Greenville, for defendants in error.

SPENCER, J. Plaintiffs in error instituted this suit against defendants in error in the form of trespass to try title and for partition of the lands described in the petition, situated in Hunt county, Tex. The agreed facts are these:

George W. Head, Sr., the common source of title, was twice married. Plaintiff in error Willie Highsaw is the child of the second marriage, and defendants in error, the issue of the first marriage. George Head, Jr., purchased the interest of all the heirs except plaintiff in error. It is also agreed that the land in question was purchased during the second marriage, the consideration being $800, $30 of which was paid in cash and the balance evidenced by vendor's lien notes against the land. The cash payment and the money used to discharge the notes were from the proceeds of the sale of three separate tracts of land in Houston county, Tex.: One 40-acre tract, the community of the second marriage; one 100-acre tract, the property of defendants in error; and one 108-acre tract, the separate property of George W. Head, Sr.

The trial court found that at the time of the purchase of the land in controversy, it was understood and intended that the proceeds of the Houston county land should go into and pay for the land in controversy and that George W. Head, Sr., timed the payments of the vendor's lien notes against the Hunt county land so as to be made with the payments derived from the proceeds of the Houston county lands.

The court concluded from the facts found that there was a resulting trust in favor of defendants in error in the land in controversy to the extent of the proceeds of the 100 acres that belonged to them in Houston county, the proceeds of which went into the purchase of the land in controversy; and further found that George W. Head, Sr., became entitled to a separate interest in the land in controversy to the extent of the proceeds of the 108 acres of his separate property in Houston county.

Based upon this conclusion, the trial court awarded one-sixth of the land to plaintiffs in error and five-sixths to defendants in error and decreed partition thereof. Upon appeal, the Court of Civil Appeals affirmed the judgment. 202 S. W. 155.

It is clear that if the three Houston county tracts had been exchanged for the Hunt county land, resulting trusts would have been created in favor of the children of the first marriage and in favor of George W. Head, Sr.'s separate estate, to the extent of the proportions of the consideration furnished by the 100-acre tract and the 108-acre tract. The same effect should be given under the transactions actually consummated, which was virtually but an exchange of the properties. Parker v. Coop, 60 Tex. 116; Sparks v. Taylor, 99 Tex. 426, 90 S. W. 485, 6 L. R. A. (N. S.) 381; Schuster v. Bauman,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
228 S.W.—36

79 Tex. 183, 15 S. W. 259, 23 Am. St. Rep. 327.

The effect of the trial court's judgment and the affirmance of that judgment by the Court of Civil Appeals is to partition the land in accordance with the rule announced, and we recommend therefore that the judgments be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

