**DANIEL v. IRWIN.   (No. 8721.) \***

(Court of Civil Appeals of Texas. Dallas. March 3, 1923. Rehearing Denied April 14, 1923.)

1. Trusts ⊙⇒373—Pleadings held to warrant submission of questions as to creation of trust and breach thereof.

Pleadings alleging that an agreement executed simultaneously with a deed to defendant created a trust in plaintiff's favor, and placed on defendant the duty of a trustee in dealing with the property, and that the market value thereof was much more than defendant realized on a subsequent sale of it, held sufficient to warrant submission of the question whether a trust was created, and whether defendant used ordinary care and diligence to obtain a fair price for the property.

2. Trusts ⊙⇒179 — Trustee held obligated to use care of ordinarily prudent man in management of his own estate in selling trust property.

Grantee in a warranty deed executed simultaneously with an agreement vesting title in him on condition that he remodel buildings on the land, or sell the property and account to grantor for half the net profits, held obligated to use such care and diligence in selling the property as a man of ordinary prudence and skill would have used in the management of his own estate.

3. Appeal and error ⊙⇒1001(1)—Verdict sustained by evidence not disturbed.

Finding of jury as to due diligence of trustee in selling property cannot be disturbed on appeal where sustained by evidence.

4. Trusts ⊙⇒232—Trustee selling property for about $6,000 less than market value held not to have acted in good faith.

A trustee's sale for about $6,000 less than the market value of property held to preclude a finding by the appellate court that he acted with such good faith as the law requires.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused May 30, 1923.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Geo. W. Irwin against R. H. Daniel. Judgment for plaintiff, and defendant appeals. Affirmed.

Cecil L. Simpson, Monta Ferguson, and Muse & Muse, all of Dallas, for appellant.

J. W. Synnott, of Dallas, for appellee.

JONES, C. J. Appellee, Irwin, brought this suit against appellant, Daniel, to recover damages by reason of an alleged breach of trust on the part of appellant in the sale of a certain block of real estate situated in Oak Cliff, city of Dallas. The facts forming a basis for the suit are substantially as follows:

Appellee owned what is known as the Patton Seminary property in Oak Cliff. This piece of property fronted 200 feet on Lancaster avenue and 200 feet on Marsalis, a street parallel to Lancaster. There were situated on the property some buildings that had been used for school purposes, consisting of one large brick building and other smaller brick buildings. These buildings were very much out of repair, and there was evidence to the effect that some of them had been condemned. Appellee had placed a loan of $13,000 on this property with the interest payable semiannually. He believed that, by the use of the very large amount of building material that would be available on salvaging the old buildings, apartment houses could be economically constructed, and the property thereby rendered much more valuable and very remunerative in the way of rents, without the outlay of a great amount of money. He, however, did not have the funds to make this improvement, and sought to interest others in his scheme. An interview with appellant was had, which culminated in a contract between the parties, and which appellee believed would result in the perfection of his scheme for the improvement and also increase the value of his property. He alleged and claimed that his equity in the property at the time of this transaction with appellant was $22,000, and believed that, with these improvements, the value of his equity would be greatly increased.

The parties evidenced their intention in dealing with each other by the following written instruments: (1) The execution of a warranty deed by appellee and his wife to appellant, which, on its face, gave appellant absolute legal title to the land with the assumption of the $13,000 indebtedness; this indebtedness was evidenced by a deed of trust, and was in favor of one McAfee, who resided in New York. (2) Simultaneously with the execution of this deed, the parties executed a contemporaneous agreement. Both of said instruments were executed on the 14th day of September, 1915. That portion of the contemporaneous agreement which is necessary to the disposition of this case is as follows:

"That the title to lots 1, 2, 8 and 9 in block 88, according to the plat of the original town of Oak Cliff, Dallas county, Tex., and lots 20 and 21, block 10, in the town of Hereford, Deaf Smith county, Tex., shall be vested absolutely in R. H. Daniel, upon the following conditions:

"Said Daniel may, when he sees conditions will permit, remodel the improvements upon the property in Oak Cliff, or he may not if conditions arise that it will not seem advisable for it to be done; or he may sell said property at any time he sees fit, accounting to the said Irwin for one-half of the net profits as hereinafter set forth.

"All incumbrances that now exist against said property in the way of loans, taxes, and all insurance, and all moneys expended upon said property in Oak Cliff, aforesaid, shall be first deducted upon the sale of said property, and one-half paid to the said Irwin and one-half retained by the said Daniel; that a strict account of said moneys expended shall be kept by said Daniel, which books shall be open for inspection to the said Irwin at any time he may desire.

"All moneys received on rentals shall be kept account of and become a common fund of the parties hereto.

"All moneys paid by the said R. H. Daniel, personally, shall draw interest at the rate of eight per cent. per annum, payable annually from date used.

"It is agreed and understood that the said Irwin shall have an undivided one-half interest in all net profits realized out of the rentals or sale of the aforesaid property situated in Oak Cliff, and upon the sale of the property, the purchaser or purchasers need not see to the application of the purchase money.

"It is expressly agreed and understood that the said Daniel is to pay all moneys needed in caring for said property, paying incumbrances, including interest, etc., needed for the proper care of said property, and the amounts when used shall draw interest as hereinbefore specified."

On the 15th day of April appellant and his wife executed a deed to this property in favor of W. C. Martin. The consideration paid by Martin for the land was the assumption of the outstanding indebtedness and the execution of an additional note in the sum of $2,650, maturing August 15, 1916, and secured by a vendor's lien on the property. This lien, of course, was inferior to the existing deed of trust. Before the execution of this deed to Martin, and after appellant had taken charge of the property, he had paid one semiannual installment of interest due on the McAfee indebtedness, and had made some improvements on the property by repapering some of the rooms and making other small improvements. Appellant did not inform appellee, who resided at Waco, of his intention to sell the property. During all the time appellee was insisting that the scheme of improvements be made, and was also insisting that

an advantageous sale could not be made during the time that appellant had possession of the property. Appellant received the amount of this $2,650, and applied, except a small sum, all of its proceeds, as well as all the rents collected by him, to repaying himself for what he had expended on the property during the time he held same, including the installment of interest he had paid on said indebtedness. Appellant made no statement to appellee, and did not tender the small amount due him until after this suit was filed.

Appellee contends that his purpose in deeding the property to appellant, as expressed by the contemporaneous agreement, was that appellant would improve the property according to the plan above discussed, and thereby render a one-half equity in it more valuable than the entire equity was at the time of the execution of the deed; that this was the consideration for his giving to appellant the one-half interest in said property, and that said agreement created a trust in his favor with appellant as trustee, charged with the duties of carrying out this purpose. Appellee claimed and alleged that appellant had not acted in good faith as trustee of the property, and had not used such care and diligence with reference to carrying out the trust as a man of ordinary prudence and skill would have used in the management of his own estate. The effect of appellee's suit, after the court had sustained a general demurrer to the first count in his petition, was one to recover damages for breach by appellant of this trust—the breach alleged to be in selling the property for much less than its fair cash market value.

On the other hand, appellant's theory of this case was that said contemporaneous instrument did not create a trust in the land in favor of appellee, but gave to appellant a one-half interest in the property on consideration of his assuming the indebtedness against the property, and gave him the right to deal with the property as he pleased; and to sell it when he pleased, and, having this right, appellant sold the property for its fair cash market value, and that, at most, appellant and appellee were only partners in the property.

The case was tried to a jury, and the court submitted the case on special issues on the theory that a trust was created by the said instrument, and on the further theory that there was evidence raising the issue that appellant had been derelict in the matter above mentioned. In response to these special issues the jury found that appellant, in making the sale to Martin, did not use ordinary care and diligence to obtain a fair price for the property, and also found that, if appellant had used ordinary care and diligence

to obtain a fair price for the property, the same could have been sold for $22,000. With the verdict as a basis, and after adjusting certain equities in favor of appellant about which there was no dispute in the evidence, judgment was entered by the court in favor of appellee in the sum of $3,387.04.

Appellant, on his theory of the case, urged a general demurrer to the second count in appellee's petition, which alleged the cause of action submitted to the jury, and assigns as error the action of the court in overruling same. He also requested peremptory instructions in his favor, and assigns error on the court's refusal to so charge the jury. He further assigns error on the ground that the verdict of the jury and the judgment of the court are unsupported by both the pleadings and the evidence. As these respective assignments raise, in effect, the same questions, they will all be discussed without special reference to any one.

[1] Appellee's pleadings were sufficient to warrant the submission of the case to the jury on the theory adopted by the trial court, and it was not error to overrule the general exception. The pleadings set out the facts from appellee's standpoint, and charged that the agreement executed simultaneously with the deed created a trust in favor of appellee, and placed the duty of trustee, in reference to dealing with the property, upon appellant. It also charged that the property was worth much more on the market than appellant realized in his sale of it, and thereby charged that he had been damaged by reason of the failure of appellant to perform the duties of trusteeship assumed by him when he took charge of the property under this agreement.

[2-4] We are of the opinion that appellant took the property as trustee, charged with the duties that rest upon any one occupying such relation. In the instant case appellant had the right to sell the property, but in doing so he was charged with the duty to use such care and diligence in selling the property that a man of ordinary prudence and skill would have used in the management of his own estate. This the jury, in effect, found that appellant had failed to do. There is evidence to sustain this finding, and this court cannot set this finding aside. The verdict of the jury is that this property sold for approximately $6,000 less than its market value. This constitutes a substantial difference between the real market value of the land and the sale value realized by appellant, and such a difference as prohibits this court from saying that appellant acted with that good faith in dealing with the property with which the law charged him to act.

Finding no reversible error, the case is affirmed.