## MACIAS v. MACIAS.

### No. 10865.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 5, 1941.

Rehearing Denied March 5, 1941.

E. P. Lipscomb, of San Antonio, for appellant.

Frank Alvarado, of San Antonio, for appellee.

SMITH, Chief Justice.

Luz Macias brought this action in trespass to try title against Augustin Macias to recover title and possession of two city lots in San Antonio. Upon a trial before the court without a jury, judgment was rendered denying any recovery to Luz Macias, who has appealed. She will be referred to as plaintiff and Augustin Macias as defendant, as in the court below.

The case is well stated in the findings and conclusions of the learned trial judge, as follows:

"Findings of Fact.

"1. On the 17th day of March, 1924, defendant Augustin Macias entered into a contract to purchase Lots 4 and 5, in Blk. 8, C. B. 4047, in the Kenwood Addition to the City of San Antonio, Bexar County, Texas, with one Evaristo Espinoza and wife, Cesaria Sanchez Espinoza, whereby defendant Augustin Macias promised to pay $180.00 as the purchase price of said land.

"2. Due to the fact that Augustin Macias did not know how to read or write, he entered into said contract through his agent and son, Cayetano Macias.

"3. Defendant, Augustin Macias, paid for said land the full sum of $180.00 with his own money. Cayetano Macias did not pay the purchase money for said land nor any part thereof.

"4. On the 30th day of December, 1924, a warranty deed to said land was executed by Evaristo Espinoza and wife, Cesaria Sanchez Espinoza, to Cayetano Macias.

"5. Said deed was made in Cayetano Macias' name, due to the reason that Augustin Macias did not know how to read or write, and that all the business of said Augustin Macias was being carried on by his son and agent, Cayetano Macias.

"6. Defendant Augustin Macias took possession of said land on the 17th day of March, 1924, and retained the same peacefully and uninterruptedly until the date of the filing of the Plaintiff's Original Petition herein, same being the 9th day of September, 1939.

"7. During the time defendant has been in possession of said land, he has erected a number of permanent improvements on said property; namely, a house, and has inclosed the same with a substantial fence, and has kept said house and improvements in constant repair.

"8. Defendant Augustin Macias, has managed and controlled said property continuously from the 17th day of March, 1924, up to the time of the filing of Plaintiff's Original Petition herein, same being on the 9th day of September, 1939. During said time defendant Augustin Macias has attended to the renting of said property, and has collected all the revenues therefrom, and has paid all the State, County, City, and School taxes, as they have become due from year to year up to the year of 1940.

"9. Cayetano Macias, son and agent of the defendant Augustin Macias, was married to the plaintiff Luz Macias on the 20th day of July, 1924. They lived together as husband and wife until the 15th day of January, 1928, after which time they never lived together again. Cayetano Macias died on the 18th day of May, 1933.

"Conclusions of Law.

"1. Under the contract of purchase the defendant, Augustin Macias, was obligated and legally bound to pay the full purchase money for Lots 4 and 5, in Blk. 8, in C. B. 4047, in the Kenwood Addition to the City of San Antonio, Bexar County, Texas.

"2. The warranty deed from Evaristo Espinoza and wife, Cesaria Sanchez Espinoza to Cayetano Macias, conveyed a naked legal title to said Cayetano Macias. The equitable and beneficial title to said property was in Augustin Macias, and a trust resulted in favor of the true owner, Augustin Macias. Cayetano Macias had no interest in said property aside from being the holder of the naked legal title. His

wife, Luz Macias, did not acquire any interest through her said husband in said land."

Plaintiff does not challenge either of the specific findings of the trial judge, which we now adopt as the findings of this Court.

Plaintiff's only assignment of error is as follows:

"The undisputed record in this case showing that plaintiff's deceased husband was the record owner of the property involved in this suit, at the time of his death, acquired during the married life of plaintiff and deceased, and plaintiff and decedent never having been divorced, plaintiff, as his surviving widow, is entitled to the whole of said property, because her deceased husband was the owner of the property at the time of his death, there were no children born of said marriage, and it is elementary that a voluntary payment of the purchase price by the defendant, plaintiff's father-in-law, would not give rise to a resulting trust in favor of such father-in-law; and there could be no title by limitation in favor of such father-in-law, defendant herein, because he took possession under a deed and contract conveying the property to his deceased son, the title of defendant, if any, being subservient to the paramount title of his deceased son, and there being no evidence that defendant ever repudiated the title of his deceased son; decedent having gone to the State insane asylum less than ten years prior to the filing of this suit, and having died at such State insane asylum less than seven years prior to the filing of this suit."

The primary and vital difficulties of plaintiff's contentions are that they rest upon assumptions which are refuted by the record and by the unchallenged findings of the trial judge.

The record and the trial court's findings establish the ideal resulting trust, to wit, where property is bought in the name of one person, but wholly with funds furnished by another, or, as better stated by Judge Wheeler in an early case: "It is well settled, that, where one buys land with the money of another and takes the deed in his own name, a trust results in favor of the person whose money was employed in making the purchase. The latter is the equitable owner of the land; and the purchaser is a mere trustee and holds for the benefit of him who paid the purchase money." McCoy's Heirs v. Crawford, 9 Tex. 353, 357.

242

A more modern statement of the rule, supported by ample authority, is made in 42 Tex.Jur. p. 638: "While a court of law looks only to legal ownership according to the deeds evidencing title from the common source, equity keeps its eye on the consideration that passed and protects the party who furnished it. In other words, the beneficial estate follows the consideration and attaches to the person from whom it came. Where only part of the purchase money was contributed by the person whose name does not appear in the deed, his ownership extends to the proportion that his contribution bears to the total price."

The judgment is affirmed.